EDWIN HOWE v. DUANE C. NELSON AND ANOTHER.
UNITED SERVICES AUTOMOBILE ASSOCIATION AND
ANOTHER, GARNISHEES.

135 N. W. (2d) 687.

June 4, 1965—No. 39,649.

*Peter F. Walstad* and *Mordaunt, Walstad, Cousineau & McGuire,* for appellant.

*Cragg & Barnett,* for respondent Great Northern Insurance Company.

*Dudley, Smith, Copeland & O'Connor,* for respondent Howe.

FRANK T. GALLAGHER, C.

This is an appeal by United Services Automobile Association (United Services) from a final order of the district court in garnishment proceedings supplemental to execution. The matter was heard before the court without a jury upon issues made by the supplemental complaint of Edwin Howe, the answer of Great Northern Insurance Company

(Great Northern), and the answer and cross-claim against Great Northern of United Services. The conflict essentially is between the two insurance companies, each contending that the other is primarily liable to pay a judgment secured by Howe in a prior personal injury action against Joseph Johnson and Duane Nelson. The district court held the judgment of the Federal district court in a declaratory judgment action brought by United Services to determine coverage was res judicata as to the issues raised in the supplemental proceedings, and that therefore United Services is primarily liable to pay Howe's judgment.

The dispute reached its present posture through a complicated sequence of events. Duane Nelson, on October 28, 1960, borrowed Joseph Johnson's 1955 Packard automobile with Joseph's consent and was involved in an accident which injured Edwin Howe. At that time, Nelson carried an automobile liability policy with United Services on a car owned by him. One of the provisions of that policy stated that Nelson would be covered should he drive another car but that such coverage would be only excess coverage over any primary coverage afforded him by other liability insurance. The Packard had been acquired by Joseph in April 1960 and had been used by him in his hometown of Amboy, Minnesota, until he left during early summer to secure a job in the Twin Cities. When he departed, he left the car with his parents for their use, taking his other car, a Volkswagen.

During July 1960, Joseph's father, Russell Johnson, decided that the car should be insured since it had not been added to Joseph's policy on his Volkswagen. Russell therefore approached his insurance agent, an agent for Great Northern, who had procured a policy for Joseph on his Volkswagen as well as one for Russell on his car, a Cadillac. On being told that Russell wanted the Packard insured, the Great Northern agent added coverage of the Packard to Russell's policy, representing on the endorsement that the car was Russell's although he had been told that it was Joseph's. Sometime in October, Joseph returned to Amboy, picked up the Packard, and returned to Minneapolis with it. Thereafter occurred Nelson's accident.

After Howe had commenced a personal injury action in the Minnesota district court against Nelson and both Johnsons, United Services

brought a declaratory judgment action in Federal district court to determine coverage among the insurance policies issued to Nelson, Russell, and Joseph. In that action, in which all parties concerned were joined, United Services asked the court to "enter a declaratory judgment construing the provisions of said policies of insurance so as to determine the respective rights and liabilities of the plaintiff and the defendants herein." Specifically, United Services claimed that Russell Johnson had an insurable interest in the Packard and that his Great Northern policy provided coverage as if it had been owned by him. United Services further claimed that, because of this coverage, Great Northern was obligated to pay any judgment that might be rendered against Joseph Johnson or against Nelson, under Russell's omnibus insured clause. This clause would not come into effect unless the Packard were found to be an "owned automobile" within the meaning of the policy.[1] In the alternative, should the court fail to grant those claims, United Services prayed the court to reform Joseph Johnson's policy to include the Packard.

The Federal court held in a memorandum opinion[2] that Russell Johnson had an insurable interest in the Packard, notwithstanding his lack of a property interest in the car, and that Great Northern must defend him in the state court action. Following this judgment, United Services moved the court for amended conclusions of law and judgment. In its motion, United Services asked the court to expand its hold-

---

[1]The following are insureds under Part I of the policy:

"(a) With respect to the owned automobile,

"(1) the named insured and any resident of the same household,

"(2) any other person using such automobile, provided the actual use thereof is with the permission of the named insured;

"(b) With respect to a non-owned automobile,

"(1) the named insured,

"(2) any relative, but only with respect to a private passenger automobile or trailer, provided the actual use thereof is with the permission of the owner;

"(c) Any other person or organization legally responsible for the use of

"(1) an owned automobile, or

"(2) a non-owned automobile, if such automobile is not owned or hired by such person or organization."

[2]United Services Auto. Assn. v. Howe (D. Minn.) 208 F. Supp. 683.

ing to say that Great Northern had primary coverage and United Services only excess coverage, and that Great Northern must satisfy any judgment against Russell Johnson, Joseph Johnson, or Duane Nelson.[3] The court denied this motion, and no appeal was taken within the allowed time.

After the appeal time had elapsed, United Services attempted to use the declaratory judgment implementing statute, 62 Stat. 964, 28 USCA, § 2202, which provides for coercive or further declaratory relief based on a declaratory judgment, to support a further motion to amend the conclusions of law and thereby to prolong the time for appeal. In a "MOTION FOR FURTHER NECESSARY OR PROPER RELIEF BASED UPON DECLARATORY JUDGMENT" United Services repeated the substance of its prior motion and added the request that Great Northern be "estopped" from denying liability coverage for Joseph on Russell's policy in the state case.[4] In its memorandum and order denying the motion, the court noted that the relief

---

[3]"Plaintiff moves the Court to amend the Conclusions of Law to state that,

" 'This Court finds that an insurable interest exists in Russell Johnson and that the coverage of the Great Northern Insurance Company is the primary coverage and the Great Northern Insurance Company must assume its obligation to defend any suits arising out of the policy and to satisfy any judgment rendered against Russell S. Johnson, Joseph W. Johnson, Duane Nelson or all of them up to the limits of policy number 22M922421 and that in accordance with that policy the Great Northern Insurance Company pay all attorneys' fees, costs and disbursements and interests.

" 'Further that the United Services Automobile Association policy is excess coverage to the coverage provided by the Great Northern Insurance Company.' "

[4]In addition to repeating the substance of the prior motion, the motion read: "The Plaintiff moves the Court for an order of the Court as follows:

"That the Great Northern Insurance Company is estopped by its conduct from denying liability coverage or in asserting lack of insurable interest as to Joseph W. Johnson in the case venued in the Minnesota State Court entitled Edwin Howe v. Duane Nelson, Russell S. Johnson and Joseph W. Johnson, and further that the Great Northern Insurance Company is estopped from denying coverage to said Joseph W. Johnson in that action or from denying payment of any judgment or settlement up to the limits of policy No. 22M922421 [Russell Johnson policy]."

requested did not differ from that requested in the earlier motion. It recognized this requested relief as an expansion of the original holding to include a conclusion that Joseph Johnson was covered as an omnibus insured under Russell's policy. This the court refused to grant because it found no knowledge by the insurance agent that Joseph would be using the car. Following this denial, United Services attempted to appeal from the judgment and the subsequent orders. The appeal was dismissed as taken out of time and being without merit.

Thereafter, the state court case came to trial and resulted in a verdict for Howe against Nelson and Joseph Johnson for $20,000, Russell Johnson having been dismissed as a defendant prior to trial. Nelson was also ordered to indemnify Joseph to the extent of the judgment. Great Northern's counsel represented Russell in those proceedings; Nelson was represented by United Services' counsel; and Joseph Johnson was represented by his own counsel. After Howe unsuccessfully attempted to satisfy his judgment from Nelson and Joseph, he instituted garnishment proceedings against Great Northern and United Services. Both companies disclosed that they owed nothing to Nelson and Joseph Johnson. Howe then began supplemental proceedings.

The state district court decided the issues in those proceedings in favor of Great Northern on the basis of the Federal and state court files in the two prior actions. The court viewed the Federal court decision that Great Northern must defend Russell Johnson and that Joseph Johnson's policy could not be reformed to include the Packard as res judicata as to the issues of coverage with which it was faced. Accordingly, it concluded that Great Northern had no policy under which liability attached, and that United Services therefore afforded primary coverage.

On this appeal, United Services contends that the Federal district court judgment is not res judicata as to two defenses it wishes to raise. The first is that Nelson and Joseph were omnibus insureds under Russell Johnson's policy and that therefore his policy affords primary coverage. The second, alternative defense is that Joseph Johnson's policy should be reformed to accurately reflect his ownership of the Packard so that it is insured in his name and he is afforded primary cover-

age. Under the view we take of the case we need not reach or decide the merits of those defenses.

The doctrine of res judicata includes two different effects of a judgment as an estoppel—estoppel by judgment and estoppel by verdict or collateral estoppel.[5] Estoppel by judgment operates as an absolute bar to a subsequent suit on the same cause of action, concluding the parties and their privies not only as to every matter that was litigated but also as to any other claim or defense which might have been litigated.[6] Estoppel by verdict applies, in a subsequent suit on a different cause of action, only to issues litigated and necessarily decided in a prior suit and only against parties appearing in the same capacity as in the prior suit.[7]

Estoppel by verdict could be applied in this case because of the similarity of the defenses raised in Federal court and on this appeal, notwithstanding differences of labeling and emphasis. We think, however, the analysis more appropriate and better calculated to produce future clarity is that of estoppel by judgment.

The res judicata effect of a judgment in a declaratory judgment action is essentially no different from the res judicata effect of any other judgment.[8] This effect has been recognized by Restatement, Judgments, § 77, which states generally that a declaratory judgment is binding between the parties in subsequent actions. Section 77, *comment b,* however, qualifies this statement by saying that the parties are precluded from relitigating only the matters declared by the judgment and:

---

[5]Smith v. Smith, 235 Minn. 412, 51 N. W. (2d) 276, 32 A. L. R. (2d) 1135; Wolfson v. Northern States Management Co. 221 Minn. 474, 22 N. W. (2d) 545; Gustafson v. Gustafson, 178 Minn. 1, 226 N. W. 412.

[6]Melady-Briggs Cattle Corp. v. Drovers State Bank, 213 Minn. 304, 6 N. W. (2d) 454; Kinzel v. Boston & Duluth Farm Land Co. 124 Minn. 416, 145 N. W. 124.

[7]Lustik v. Rankila, 269 Minn. 515, 131 N. W. (2d) 741; Wolfson v. Northern States Management Co. *supra.*

[8]See, Herd v. Lyttle, 310 Ky. 788, 222 S. W. (2d) 834; 2 Anderson, Actions for Declaratory Judgments, § 459; Annotation, 10 A. L. R. (2d) 782. Cf. County Bd. of Education v. Borgen, 192 Minn. 512, 257 N. W. 92.

"Where a plaintiff seeks a declaratory judgment, he is not seeking to enforce a claim against the defendant. He is seeking rather a judicial declaration as to the existence and effect of a relation between him and the defendant. The effect of the judgment, therefore, unlike a judgment for the payment of money, is not to merge a cause of action in the judgment or to bar it. The effect of a declaratory judgment is rather to make res judicata the matters declared by the judgment, thus precluding the parties to the litigation from relitigating these matters."

This comment, while it urges a salutary caution in granting the effect of res judicata to declaratory judgments, should not be read, as United Services contends, to repudiate any estoppel-by-judgment effect of those judgments. Its reasoning has obvious application to one situation. Where a subsequent suit for money damages is brought by the prevailing party in a declaratory judgment action, the cause of action for damages should not be considered merged into a judgment that merely declares abstract rights.[9] But to extend that reasoning to conclude that a declaratory judgment cannot effect an estoppel by judgment goes much too far. The claim upon which a declaratory judgment is based can be ascertained by inspecting not only the judgment but also the whole record,[10] as is done generally in res judicata cases.[11] The declaratory judgment, like other judgments, may have either the effect of estoppel by verdict[12] or estoppel by judgment.[13] Thus, the prevailing party in a declaratory judgment action to construe an insurance policy or a will should be able to rely on that judgment to estop the defeated party from again attempting to have the same instrument construed in a subsequent declaratory judgment action. So, too, should the

[9]Winborne v. Doyle, 190 Va. 867, 59 S. E. (2d) 90; Cooke v. Gaidry, 309 Ky. 727, 218 S. W. (2d) 960, 10 A. L. R. (2d) 778.

[10]See, e. g., Prudential Ins. Co. v. Rader (D. Minn.) 98 F. Supp. 44; North Shore Realty Corp. v. Gallaher (Fla. App.) 99 So. (2d) 255.

[11]O'Neil v. Rueb, 215 Minn. 296, 10 N. W. (2d) 363; Fox v. Fox, 154 Minn. 169, 191 N. W. 420.

[12]Britt v. Trailmobile Co. (6 Cir.) 179 F. (2d) 569; Lyle Cashion Co. v. McKendrick, 227 Miss. 894, 87 So. (2d) 289.

[13]Lynch v. Lynch, 250 Iowa 407, 94 N. W. (2d) 105; 36 U. of Detroit L. Rev. 616. Cf. Swanson v. Tearney, 87 Cal. App. (2d) 191, 196 P. (2d) 49.

prevailing party be estopped from attempting to relitigate in order to win more rights under the instrument.

The problem is only slightly more complex where, as here, the plaintiff in a declaratory judgment action would normally be the defendant in a coercive suit for money damages. Such a plaintiff should be estopped from bringing successive declaratory judgment actions in which he raises issues that might have been disposed of in the first suit. So, too, should he be estopped by a declaratory judgment adverse to him from raising defenses in a subsequent coercive action against him that were adjudicated or might have been raised in the prior suit. In this situation, the inquiry must be whether the coercive suit is based on the cause of action that was sought to be defeated in the declaratory suit.[14]

We think that in the instant case the grounds for liability asserted by Howe are the same grounds that United Services attempted to negate in Federal court. In the Federal action United Services asked the court "to determine the respective rights and liabilities of the plaintiff and the defendants herein." The court fully complied with that request. It held only that Russell Johnson had an insurable interest in the Packard and that Great Northern must defend him. However, implicit in the court's reasoning in its opinion that Russell could have an insurable interest in the Packard without owning a property interest was a conclusion that the Packard was a nonowned automobile within the meaning of Russell's Great Northern policy. From that conclusion, it followed that neither Joseph nor Nelson could be "insureds" under that policy, and further that United Services must bear primary coverage for Nelson's accident. Moreover, the court's silence in the face of United Services' prayer for reformation of Joseph's policy in the complaint must be taken as a construction of that policy to exclude the Packard.

We are convinced, therefore, that the Federal court fully construed all three insurance policies involved in the present litigation. The obvious advantages of an early adjudication of insurance coverage in a personal injury context should not be undercut by a retrial of legal relationships already adjudicated.[15] The complaining party's remedy is appeal from that judgment.

---

[14]See, Note, 62 Harv. L. Rev. 787, 843.

[15]See, Borchard, Declaratory Judgments (2 ed.) pp. 651 to 653.

United Services clearly went to Federal court in order to fully litigate the issues of insurance coverage. It had its chance to present all its defenses in the forum of its choice and should not now be permitted, as defendant in a coercive action, to relitigate those issues or to bring up new issues that could have been litigated then.

Affirmed.