Jeremy **FRYBERGER**, et al.,
Appellants,

v.

**TOWNSHIP OF FREDENBERG,** et al.,
**Russell Finner, et al., Respondents.**

No. C0–88–615.

Court of Appeals of Minnesota.

Sept. 6, 1988.

Writ Denied Nov. 16, 1988.

Mark L. Knutson, Duluth, for Jeremy Fryberger.

Wayne E. Gilbert, Duluth, for Township of Fredenberg.

Kenneth D. Butler, Duluth, for Russell Finner.

Heard, considered and decided by NORTON, P.J., and HUSPENI and KALITOWSKI, JJ.

## OPINION

HUSPENI, Judge.

Appellant property owners appeal from an award of summary judgment to respondents, the Township of Fredenberg and Russell Finner, wherein the trial court determined that the Fredenberg Town Board of Adjustment lacked authority to review and reverse the Town Planning Commission's grant of a conditional use permit to Finner. We affirm in part, reverse in part and remand.

## FACTS

Respondent Russell Finner owns a parcel of land in Fredenberg Township, St. Louis County. In 1987, he applied to the Fredenberg Planning Commission for a conditional use permit to extract gravel from his land.

The Planning Commission has authority to grant the permit pursuant to Article VII, section 1 of the Fredenberg Zoning Ordinance, which states:

Any use listed in this Ordinance as a Conditional Use may be permitted only after an application for a Conditional Use Permit has been reviewed and approved by the Planning Commission and, where required, by the Town Board.

*Id.* As required by Article VII, the Planning Commission held a public hearing and on February 23, 1987, granted Finner a conditional use permit.

Article VII does not provide for further administrative review of the Planning Commission's decision. However, appellant property owners nonetheless sought review of the Commission's decision by the Town Board of Adjustment. Appellants maintain this action was taken on the advice of the Planning Commission itself. All parties agree that the Board of Adjustment has heard appeals from Planning Commission decisions in the past. However, the authority of the Board to do so has never before been challenged.

The Board of Adjustment was created by Article VIII of the Fredenberg Zoning Ordinance and has authority to grant variances and to hear certain appeals specified in the ordinance. Article VIII, which sets forth the Board's powers, provides no authority for the Board of Adjustment to review Planning Commission decisions.

In March of 1987, the Board of Adjustment held a public hearing on the property owner's challenge to the conditional use permit granted to Finner. Finner appeared at the hearing, apparently to challenge the validity of the Board proceedings. On March 23, 1987, the Board of Adjustment reversed the Planning Commission. On April 17, 1987, Finner commenced a district court action alleging the Board lacked authority to reverse the Planning Commission's grant of the conditional use permit. The Town Board of Supervisors, also a respondent here, subsequently entered into a stipulation with Finner agreeing with him that the Board lacked authority to act as it did and further agreeing to take no action to enforce the Board's decision. The stipulation's effect was reinstatement of Finner's conditional use permit.

On May 28, 1987, in response to the stipulation between Finner and the Board of Supervisors, appellants commenced the present action seeking trial court review of the grant of the conditional use permit to Finner and seeking an order enforcing the Board of Adjustment's decision. Appellants also sought, and were granted, a temporary injunction to prevent the use of Finner's land as a gravel pit.

After a pretrial conference the trial court ordered "that legal issues concerning the authority, or lack of authority, of the various boards of the Township of Fredenberg be presented * * * by means of summary judgment motions * * *." In compliance with this order, the parties moved for summary judgment.

On December 21, 1987, the trial court granted summary judgment to respondents, stating in the prefatory language of its order for judgment:

[A]ll parties * * * agreed for the purpose of [summary judgment] motions that legal issues must be addressed and decided by the Court prior to further proceedings.

The memorandum accompanying the order for summary judgment stated:

[T]he parties wishing to protest the granting of a conditional use permit to Russell Finner * * * were required to appeal to this court, and not to the Board of Adjustment of the Town of Fredenberg. However, [appellants] did appeal to the Board of Adjustment, which this court concludes had no authority to take any action.

* * * Because the parties were required to perfect their appeal to this court in accordance with the applicable statutes and ordinances, and since they have failed to do so, this court has ordered summary judgment in favor of [respondents].

Appellants contend the trial court erred in determining the Board of Adjustment had no jurisdiction to review the Planning Commission's decision. They also argue that granting the permit was unreasonable and seek review of that decision.

## ISSUES

1. Did the trial court err in determining the Fredenberg Board of Adjustment was without authority to review and reverse the Planning Commission's grant of a conditional use permit?

2. Did the trial court err when it ruled that appellants had failed to perfect their appeal to the district court?

## ANALYSIS

### I.

■ Appellants concede that Article VII does not provide for further administrative review of Planning Commission decisions granting conditional use permits. Further, it is undisputed that Article VII confers authority to grant conditional use permits only to the Planning Commission and to the Town Board of Supervisors. Appellants argue, however, that because "the only appeal provisions in the ordinance provide for appeals to the Board of Adjustment," "the sections of the ordinance dealing with 'Other Appeals' should be construed to include appeals from the Planning Commission." They reason that:

> [Article VIII] provides "appeals * * * from any order, requirement, decision or determination made by the Zoning Inspector shall be made to the Board of Adjustment." This consequently provides that all zoning appeals shall be made to the Board of Adjustment.

We cannot agree that the language of Article VIII applies to the circumstances of this case. This is not an appeal from the decision of a Zoning Inspector. Furthermore, it is an appeal from the granting of a conditional use permit, a decision which cannot be made by a Zoning Inspector.[1] We conclude, therefore, that the Board of Adjustment had no authority to review the Planning Commission's decision granting the conditional use permit.

Appellants next argue that because the Town Board of Supervisors advised them to appeal to the Board of Adjustment from the Planning Commission's decision, the Town Board of Supervisors should be estopped from claiming now that the Board of Adjustment does not have authority to conduct such review. We note initially that whether this advice was given is disputed by respondents. However, even assuming such advice was proffered, we cannot conclude that it was sufficient to confer upon the Board of Adjustment authority that was so clearly absent from the ordinance.

■ The Municipal Planning Act, Minn.Stat. §§ 462.351 to 462.364 (1986), provides municipalities "with the necessary powers and a uniform procedure for adequately conducting and implementing municipal planning." Minn.Stat. § 462.351. The Act confers upon the municipality's governing body, in this case the Town Board of Supervisors, the authority to approve applications for conditional use permits and the authority to delegate that power. Minn.Stat. § 462.3595, subd. 1 (1986). The Town Board of Supervisors had authority not only to delegate the power to grant permits, but also to set up a process for administrative review with itself as the final arbiter. However, the Town Board of Supervisors may only delegate its authority by ordinance, not whim. By Article VII, the Town Board of Supervisors delegated to the Planning Commission its authority to grant conditional use permits. It provided no avenue for administrative review of that grant. Consequently, any attempt by the Board of Adjustment to review the Planning Commission's decision is *ultra vires*. Without amendment of Article VII, the Town Board of Supervisors cannot confer the Board of Adjustment with the powers of administrative review.

■ Finally, respondents contend that appellants should have sought review in

---

1. Article VII of the Town of Fredenberg Zoning Ordinance provides that an "application for a Conditional Use Permit shall be filed with the Zoning Inspector" who "shall reject and refuse to refer to the Planning Commission any application not accompanied by the required fee

* * *." Because the article confers no other power upon the Zoning Inspector, an appeal to the Board of Adjustment must necessarily relate to the Zoning Inspector's decision refusing to accept an application for a conditional use permit.

district court of the initial Planning Commission decision to grant the conditional use permit to Finner. We must agree. The Municipal Planning Act provides that the person aggrieved by a decision of the Town Board of Supervisors made under the auspices of the Act may seek review in the district court. Minn.Stat. § 462.361, subd. 1 (1986). Because the Fredenberg Zoning Ordinance provides for no administrative review of decisions regarding grants of conditional use permits, an aggrieved party can seek review only in district court. It was incumbent upon appellants to search the applicable ordinances and statutes to confirm the appropriate forum in which to seek review. That forum was the district court.

## II.

■ On May 28, 1987, over three months after the initial Planning Commission decision to grant Finner the conditional use permit, appellants did seek review in the district court. Appellants requested injunctive relief and additionally, in effect, brought a declaratory judgment action.[2]

■ Respondents argued, and the district court agreed, that appellants' district court action was untimely. Further, respondents contend an aggrieved applicant for a conditional use permit would have only 30 days to appeal the Planning Commission decision denying that permit and therefore an aggrieved objector should

have no longer than that to seek review of the grant of such permit. While there might be merit to such an argument if its initial premise were correct, respondents have provided us with no authority upon which they rely in placing a 30 day limit on the applicant's right to seek review of the denial of a conditional use permit.[3] Therefore, any analogy to review of a permit grant must fail.

■ The Municipal Planning Act provides us with no indication of any time limit on the aggrieved party's right to seek review of the grant of a conditional use permit. In addition, we can find no Minnesota case in which the timeliness of review under either section 462.361 or section 14.44, the Administrative Procedure Act, was at issue. Furthermore, the Uniform Declaratory Judgments Statute, Minn.Stat. ch. 555, makes no mention of any time limit for review of a decision made pursuant to a municipal ordinance. We conclude that because a declaratory judgment action is an original action, it is not subject to the time limits placed on appeals from, for example, final orders of contested case hearings. Therefore, we cannot agree with the trial court's determination that appellant's action was not brought in a timely manner.

■ We believe the action was timely and the issues raised therein should have been addressed on their merits. However, respondents reply, in effect, that even if the district court should have addressed all

2. An aggrieved party should seek "an appropriate remedy in the district court." Minn.Stat. § 462.361, subd. 1. The Municipal Planning Act, however, is silent on what is an "appropriate remedy." *White Bear Rod and Gun Club v. City of Hugo*, 388 N.W.2d 739, 742 (Minn.1986): *Honn v. City of Coon Rapids*, 313 N.W.2d 409, 413 (Minn.1981). The issuance of a conditional use permit is a quasi-judicial act. *Id.* at 416. In *Honn*, the supreme court held that certiorari was no longer appropriate for reviewing quasi-judicial proceedings except where there is "a narrow legal procedural question which lends itself to certiorari." *White Bear Rod and Gun Club*, 388 N.W.2d at 742. The *Honn* court held that "sometimes" mandamus was the appropriate procedure for review of the grant of a conditional use permit but that "a declaratory judgment or injunction action is generally more appropriate." *Id.* The procedure for review by

declaratory judgment action is set forth in *Honn*, 313 N.W.2d at 416.

3. Respondents' argument regarding the 30 day appeal time limit may be based upon the language contained in section 7 of Article VIII of the Fredenberg Zoning Ordinance which provides that decisions of the Board of Adjustment are final subject to the right of an aggrieved party to "appeal within 30 days, after the receipt of notice of the decision, to the District Court * * *." In view of our earlier determination that Article VIII is not applicable here, it would be inconsistent to use any part of its provisions in an attempt to resolve a question of time limitation for appeal. In addition, respondents do not contend that Article VIII in any way applies in this case. Quite to the contrary, they successfully argue that the Board of Adjustment had no authority whatsoever to act here under Article VIII.

issues on their merits, inasmuch as appellants did not raise in their summary judgment motion the issue of whether the Planning Commission's decision was reasonable, that issue was waived. Respondents' argument is without foundation. Appellants raised the reasonableness issue in their complaint and sought an order declaring the Planning Commission decision invalid. The issue was not raised in the summary judgment motion because the trial court's prehearing conference order limited summary judgment motions solely to the issue of the Board of Adjustment's authority. Having determined that limited issue by ruling that the Board of Adjustment had no power of review in this case, the district court concluded it need not try the remaining issue of the reasonableness of the Planning Commission's decision because it found appellants' action to be untimely. In view of our determination here that appellants' action was timely, we remand for trial on the issue of whether the Commission acted unreasonably when it granted to Finner the conditional use permit.

## DECISION

The trial court did not err in holding that the Board of Adjustment had no authority to review the Planning Commission's grant of a conditional use permit. The trial court erred in determining appellants' action seeking review of the Planning Commission decision was untimely.

AFFIRMED IN PART, REVERSED IN PART AND REMANDED.