**COLONIAL INSURANCE COMPANY OF CALIFORNIA, Respondent,**

v.

**Curtis K. ANDERSON, et al., Appellants.**

No. C4–98–1526.

Court of Appeals of Minnesota.

Feb. 2, 1999.

Kenneth H. Bayliss, William V. Faerber, Quinlivan & Hughes, P.A., 600 St. Cloud,for respondent.

Kyle E. Hart, Brian L. Williams, Fabyanske, Westra & Hart, P.A., Minneapolis, for appellants.

Considered and decided by DAVIES, Presiding Judge, KLAPHAKE, Judge, and AMUNDSON, Judge.

## OPINION

KLAPHAKE, Judge

Respondent Colonial Insurance Company, the tortfeasor's insurer, brought this declaratory judgment action to determine the issue of coverage. The district court granted summary judgment based on collateral estoppel. Appellants Miles Tvinnereim and Dwayne Stottler, Tvinnereim's guardian, challenge the entry of summary judgment, claiming they were denied a full and fair opportunity to be heard. We reverse.

## FACTS

On March 20, 1992, Tvinnereim was hospitalized with extensive head injuries that resulted in memory loss, partial paralysis, loss of the senses of taste and smell, and reduced bladder control. Because his treating physician believed Tvinnereim had been assaulted, police began a criminal investigation, although Tvinnereim stated only that he had been injured in an accidental fall.

Tvinnereim gave a new statement in June 1992, which differed radically from his first statement. Instead of attributing his injuries to a fall, Tvinnereim stated that he had confronted one Curt Anderson about money Anderson owed him for pizza. When Anderson refused to reimburse him, Tvinner-eim threatened to expose Anderson's drug dealing. Anderson, who was sitting in his car, intentionally put the car in motion, and Tvinnereim was caught under the car and dragged for several blocks. Police were unable to interview Anderson because he had fled the state. Anderson was charged with first-degree assault, a felony, and the complaint remained pending during his absence.

Stottler, as guardian, sued Tvinnereim's no-fault insurer for damages. Tvinnereim testified at the 1995 trial, but his testimony was contradictory and confused. Because of his brain injury, he was unable to remember accurately or explain the differing statements he had given. The only other potential eyewitness, Anderson, did not testify because his whereabouts were still unknown. The jury found that Tvinnereim's injury did not arise out of the maintenance or use of a motor vehicle, and thus he was denied any recovery.

In 1996, Anderson returned to Minnesota. He gave a statement to police, in which he admitted that while Tvinnereim was standing outside his car, he accidentally put the car into reverse, catching Tvinnereim's jacket in the door and causing Tvinnereim to fall heavily to the ground. Based on this statement, the charge of first-degree assault was reduced to inattentive driving, a misdemeanor, to which Anderson pleaded guilty.

Stottler then sued Anderson on Tvinnereim's behalf. Colonial Insurance Company of California, Anderson's insurer at the time of the incident, began a declaratory judgment action to determine coverage. Colonial moved for summary judgment, arguing that Tvinnereim's earlier adverse jury verdict collaterally estopped him from relitigating whether his injuries arose out of the use or maintenance of a motor vehicle. The district court agreed and entered judgment in favor of Colonial. Stottler and Tvinnereim now appeal.

## ISSUE

Did the district court err in determining that appellants are collaterally estopped from relitigating the issue of whether Tvinnereim's injuries arose out of the maintenance or use of a motor vehicle?

## ANALYSIS

The availability of collateral estoppel is a mixed question of law and fact. *American Family Mut. Ins. Co. v. M.B.*, 563 N.W.2d 326, 329 (Minn.App.1997), *review denied* (Minn. July 28, 1997). The use of collateral estoppel is considered a matter within the trial court's discretion, and its decision will be overturned only for an abuse of discretion. *Id.; see Jack Faucett Assocs., Inc. v. American Tel. & Tel. Co.*, 744 F.2d 118, 126 (D.C.Cir.1984) (where there is substantial unfairness, application of offensive collateral estoppel is an abuse of discretion).

Collateral estoppel limits the burden of relitigating issues and promotes judicial economy. *Parklane Hosiery Co. v. Shore*, 439 U.S. 322, 326, 99 S.Ct. 645, 649, 58 L.Ed.2d 552 (1979). To invoke the doctrine, (1) the issue must be identical to one in a prior adjudication; (2) there must have been a final adjudication on the merits; (3) the estopped party must have been a party to or in privity with a party in the prior adjudication; and (4) the estopped party must have had a full and fair opportunity to be heard on the issue. *Bublitz v. Commissioner of Revenue*, 545 N.W.2d 382, 385 (Minn.1996).

The first three elements support the application of collateral estoppel in this cause. The issue of whether Tvinnereim's injuries resulted from the maintenance or use of a motor vehicle is identical to the issue determined in Tvinnereim's earlier no-fault action. The no-fault action was adjudicated on the merits in the form of a jury verdict after full trial, and Tvinnereim was a party to the earlier action. This appeal thus revolves around the fourth element: whether Tvinnereim had a full and fair opportunity to be heard on the issue.

For several reasons, we do not believe that this element has been satisfied. Tvinnereim's brain injury likely prevented him from being an effective witness, and the only other eyewitness to the injury, Anderson, was unavailable to testify at the earlier trial. Anderson's failure to testify was not within Tvinnereim's control; Anderson had fled the state and could not be found. Added to this, when Anderson returned to the state, he unequivocally admitted injuring Tvinnereim while negligently operating his car and pleaded guilty to a misdemeanor for his conduct in the incident. Anderson's testimony is crucial to a full understanding of this matter. We therefore conclude that it would be unjust to invoke the equitable doctrine of collateral estoppel, which effectively limits Tvinnereim's right to be heard, when Tvinnereim did not have a full and fair opportunity to present all facts to a jury. *See Johnson v. Consolidated Freightways, Inc.*, 420 N.W.2d 608, 613–614 (Minn.1988) (no "full and fair opportunity" to litigate issue of comparative fault, where only part of the pertinent facts and witnesses were available at prior proceeding).

Colonial has raised questions about witness credibility and about Anderson's intent in the incident that resulted in Tvinnereim's injuries. These are fact issues for a jury, making this case inappropriate for summary judgment. *See* Minn. R. Civ. P. 56.03 (summary judgment appropriate only where there are no genuine issues of material fact).

## DECISION

The district court abused its discretion in invoking collateral estoppel in Tvinnereim's action against Anderson's insurer, where Tvinnereim was deprived of the opportunity for a full and fair hearing, through no fault of his own, because of his impaired memory and the unavailability of Anderson, the only other witness to his injury.

**Reversed.**