STATE of Minnesota, Respondent,

v.

Barbara Mae JOSEPH, et al., Respondents,

Church Mutual Insurance Company, Appellant,

William Henry, Respondent.

No. C2–00–1364.

Court of Appeals of Minnesota.

Jan. 30, 2001.

Review Granted March 27, 2001.

Byron M. Peterson, Tomsche, Sonnesyn & Tomsche, P.A., Minneapolis, MN, for respondent State of Minnesota.

Thomas D. Jensen, William L. Davidson, Lind, Jensen & Sullivan, P.A., Minneapolis, MN, for respondents Josephs.

Patrick T. Tierney, Thomas E. McEllistrem, Collins, Buckley, Sauntry & Haugh, P.L.L.P., St. Paul, MN, for appellant.

John M. Steele, John M. Steele, P.A., Minneapolis, MN, for respondent William Henry.

Considered and decided by WILLIS, Presiding Judge, SHUMAKER, Judge, and MULALLY, Judge.*

## OPINION

SHUMAKER, Judge.

Appellant Church Mutual Insurance Company appeals from the district court's determination that the expiration of the statute of limitations and the application of collateral estoppel preclude appellant from raising the defense of lack of coverage in a proceeding to garnish insurance benefits. Because the district court erroneously applied the statute of limitations and collateral estoppel, we reverse and remand. Appellant moves that portions of respondent

* Retired judge of the district court, serving as judge of the Minnesota Court of Appeals by appointment pursuant to Minn. Const. art. VI, § 10.

Henry's appendix be stricken; we grant the motion.

## FACTS

On November 27, 1992, Barbara Mae Joseph was driving a minivan owned by her husband, James Marshall Joseph, when she struck and injured state trooper William Henry as he was giving a traffic citation to another motorist.

Both Josephs were employed by Two Harbors Gospel Tabernacle (Tabernacle) as ministers. Both were insured under their own liability policy, issued by Royal Insurance Company, covering the minivan. Tabernacle carried an excess liability insurance policy, written by Church Mutual Insurance Company, that covered Tabernacle employees acting within the scope of their employment.

After receiving notice of a claim by Henry, Church Mutual reserved its right to deny coverage. Henry sued the Josephs for damages in October 1993. In January 1994, the Josephs and Royal Insurance entered a settlement with Henry whereby Henry would receive the $250,000 Royal policy limit, and would continue his lawsuit against the Josephs so as to attempt to reach the excess coverage provided by Church Mutual, but would not hold the Josephs personally liable for any damages beyond the Royal policy limit. The Josephs then tendered the defense of the action to Church Mutual, who accepted the tender but continued to reserve its right to deny coverage.

During the next five years there were two trials and two appeals in the Henry lawsuit; the State of Minnesota intervened as a plaintiff in that action to claim reimbursement for workers' compensation benefits it paid to Henry; Barbara Mae Joseph pleaded guilty to the petty misdemeanor offenses of operating the minivan with unsafe equipment and following too close at the time of the accident; and the Josephs, Henry, and the state engaged in a dispute with Church Mutual as to whether Barbara Mae Joseph was acting within the scope of her employment for Tabernacle when she struck Henry. Final judgment in the personal injury lawsuit was entered in July 1999 in favor of Henry and the State of Minnesota. No party appealed from this judgment.

On October 28, 1999, Church Mutual brought a declaratory judgment action in Washington County against Henry and the Josephs, seeking a determination that there was no coverage under the Church Mutual policy because Barbara Mae Joseph was not acting within the scope of her employment for Tabernacle at the time of the accident.

In January 2000, the State of Minnesota brought a garnishment proceeding against Church Mutual in Chisago County, seeking proceeds of the excess insurance policy. While that matter was pending, Henry moved to dismiss Church Mutual's declaratory judgment action.

The district court in Washington County entered its order on February 11, 2000, granting Henry's motion on the ground that the declaratory judgment action was time-barred. The court stated that a "cause of action for a declaratory judgment on coverage" accrued not later than the date of Henry's notice of claim to Church Mutual, and that the six-year statute of limitations for contract claims had expired prior to the commencement of the declaratory judgment action. Church Mutual did not appeal.

On July 14, 2000, the district court in Chisago County granted summary judgment in the garnishment proceeding in favor of Henry and the State of Minnesota. The court ruled that Church Mutual was not only time-barred from challenging coverage but was also collaterally estopped from doing so because of the judgment entered upon the dismissal order of February 11, 2000. Church Mutual appeals from the summary judgment.

## ISSUES

1. Is there a statute of limitations for the commencement of a declaratory judg-

ment action by an insurer who seeks the court's determination as to the validity of a coverage defense?

2. Does collateral estoppel preclude the litigation of an issue as to which the party estopped had no opportunity to be heard in a prior action?

3. Does the law-of-the-case doctrine apply to an issue that has not been litigated?

## ANALYSIS

■■ On appeal from summary judgment, we determine whether any genuine issue of material fact exists and whether the district court erred in its application of the law. *State by Cooper v. French*, 460 N.W.2d 2, 4 (Minn.1990). The bases for the district court's summary judgment order were purely issues of law. We need not defer to the district court on questions of law. *Hubred v. Control Data Corp.*, 442 N.W.2d 308, 310 (Minn.1989) (citation omitted).

### *Statute of Limitations*

In ruling that Church Mutual's declaratory judgment action was time-barred, the district court applied the six-year statute of limitations in Minn.Stat. § 541.05, subd. 1(a) (1998), for actions on contracts, and said: "The statute of limitations on an underinsured motorist claim begins to run on the accident date." The court then said that, by not bringing a declaratory judgment action within six years following the date of the accident, "Church Mutual should be barred from now asserting coverage defenses * * *."

■■ The district court erred in two respects. First, there is no statute of limitations for declaratory judgment actions. Second, statutes of limitations apply to claims and not to defenses.

A declaratory judgment is an alternative and optional remedy available to parties who want the courts to declare their "rights, status, and other legal relations * * *." Minn.Stat. § 555.01 (1998). "A

contract may be construed either before or after there has been a breach thereof." Minn.Stat. § 555.03 (1998); *Harrington v. Fairchild*, 235 Minn. 437, 441, 51 N.W.2d 71, 73 (1952) (declaratory judgment action proper to determine parties' rights under contract even though there had been no default).

We have held that, absent a statutory mandate, the commencement of a declaratory judgment action is not subject to any statute of limitations. *Fryberger v. Township of Fredenberg*, 428 N.W.2d 601, 605 (Minn.App.1988), *review denied* (Minn. Nov. 16, 1988).

Nothing in the Uniform Declaratory Judgments Act or in the caselaw interpreting that act suggests that anyone is ever required to bring a declaratory judgment action. Minn.Stat. § 555.01–555.16 (1998). Furthermore, the court may refuse to render a declaratory judgment if rendering a judgment would not resolve the uncertainty that precipitated the action. Minn.Stat. § 555.06 (1998). The district court here held that Church Mutual not only had to bring the action within six years after the accident but also had to obtain a favorable ruling. Implicit in this holding is the erroneous proposition that Church Mutual would have lost its coverage defense even if it had commenced the action within six years if the court then exercised its discretion not to render judgment.

■■ It should be noted that a declaratory judgment action to determine the validity of an insurance coverage defense may become moot if the claimant has failed to commence its breach of contract action within the statute of limitations.

When a legal remedy is optional and a party elects not to pursue that remedy, logically the party cannot lose rights to pursue another available remedy. But the district court held to the contrary and we believe that was error.

The district court also applied to the declaratory judgment action a time limit

for bringing an underinsured motorist claim. Church Mutual has not prosecuted a claim. Rather, it has raised a defense to a claim by other parties that the excess insurance contract covers Henry's accident.

■ We know of no law, and none has been cited to us, that applies a statute of limitations to a defense. A defense is a response to a claim and logically could not be asserted prior to a claim being made. If the defense is affirmative, as presumably Church Mutual's coverage defense is, it must be asserted responsively or it is deemed waived. *See* Minn.R.Civ.P. 12.02 ("every defense, in law or fact, to a claim for relief * * * shall be asserted in the responsive pleading * * *."); Minn. R.Civ.P. 8.03 (a party must plead affirmatively any defense of avoidance).

There is no rational purpose for applying a statute of limitations to a defense. The question is whether the claim has been brought in a timely manner. Only if it has do we even reach a concern about a defense. And once a claim has been brought within the statute of limitations, the time limit is met and is no longer relevant to the action. Other time limits as provided by the rules of civil procedure then control.

Thus, the district court erred as a matter of law and its ruling on the statute of limitations must be reversed.

### Collateral Estoppel

■ The district court also ruled that Church Mutual is precluded by collateral estoppel from asserting a coverage defense. Collateral estoppel, a rule of issue-preclusion, can apply when there has been a prior proceeding involving the same issue and the same parties or their privies; a final adjudication on the merits; and the estopped party has had a full and fair opportunity to be heard on the issue. *Colonial Ins. Co. v. Anderson*, 588 N.W.2d 531, 533 (Minn.App.1999). The court found that all elements of collateral estoppel had been established:

Church Mutual is presenting the same coverage defenses it did in the declaratory judgment action—foremost, that there was no coverage under the policy because the Josephs were not on church business at the time of the accident. After a full and fair opportunity to be heard, Church Mutual's coverage defenses were disposed of in Judge Carlson's Order dismissing the declaratory judgment action and entering judgment in favor of William Henry.

The order to which the court was referring is the Washington County order of February 11, 2000. That order was premised on the same error as the order under review. In the earlier order, the district court dismissed the action as time-barred because Church Mutual failed to bring a declaratory judgment action within six years after the accident. The court never reached the merits of the coverage defense. The parties never had any opportunity to present evidence on the critical coverage issue of whether or not Barbara Mae Joseph was on church business at the time of the accident. Thus, an essential element of collateral estoppel is lacking, and Church Mutual is not precluded by that doctrine from litigating its coverage defense in this garnishment proceeding.

The district court erred as a matter of law in applying collateral estoppel as a bar to Church Mutual's coverage defense, and the ruling must be reversed.

### Law–of–the–Case Doctrine

■ The parties did not raise the issue of law of the case below. Generally, we will not consider matters that were not argued and considered in the district court. *Thiele v. Stich*, 425 N.W.2d 580, 582 (Minn.1988) (citation omitted). However, we may do so if justice requires. Minn.R.Civ.App.P. 103.04. Because this case is being remanded, we will briefly address the law-of-the-case doctrine so that the parties will understand its inapplicability on remand.

■ The State of Minnesota argues that the issues the district court decided in the declaratory judgment action became the law of the case because Church Mutual did not appeal from the judgment.

■ The doctrine of the law of the case is a principle of practice and is not a substantive rule of law. *Sands v. American Ry. Express Co.*, 159 Minn. 25, 26, 198 N.W. 402, 402 (1924). It has no res judicata or stare decisis effect:

> The doctrine of law of the case is distinct from the doctrine of res judicata and stare decisis, even though similar underlying policy considerations are involved. Law of the case applies most commonly to situations where an appellate court has passed on a legal question and remanded to the [lower court] for further proceedings. The legal question thus determined by the appellate court will not be re-examined on a second appeal of the same case.

*Brezinka v. Bystrom Bros. Inc.*, 403 N.W.2d 841, 843 (Minn.1987). Furthermore, the law of the case does not reach issues that were not litigated. *See Sigurdson v. Isanti County*, 448 N.W.2d 62, 66 (Minn.1989) (noting that, unlike res judicata, the "law of the case" doctrine "applies only to litigated issues and does not reach issues which could have been but were not litigated.") (citation omitted).

The parties have never litigated the coverage defense, and this is the first appellate case that raises the issue of that defense. The law-of-the-case doctrine does not preclude Church Mutual from litigating its coverage defense in the garnishment action.

*Motion to Strike*

■ Church Mutual moved to strike portions of Henry's appendix. We "will strike documents included in a party's brief that are not part of the appellate record." *Fabio v. Bellomo*, 489 N.W.2d 241, 246 (Minn.App.1992), *aff'd*, 504 N.W.2d 758 (Minn.1993). We grant Church Mutual's motion to strike those documents in Henry's appendix that had not been presented to the district court in the garnishment action.

**DECISION**

The district court erred by holding that the contract statute of limitations applies to an insurer's declaratory judgment action where the insurer seeks to determine the validity of a coverage defense and by holding that the insurer is precluded by collateral estoppel from litigating an issue as to which the insurer had no opportunity to be heard in a prior related proceeding.

**Reversed and remanded; motion granted.**