STATE of Minnesota, Petitioner, Appellant,

v.

Barbara Mae JOSEPH, et al., Petitioners, Appellants,

Church Mutual Insurance Company, Respondent,

William Henry, Petitioner, Appellant.

No. C2–00–1364.

Supreme Court of Minnesota.

Dec. 6, 2001.

---

Byron M. Peterson, Minneapolis, for appellant State of Minnesota.

William L. Davidson, Thomas D. Jensen, Minneapolis, for appellants Barbara and James Joseph.

John M. Steele, Minneapolis, for appellant William Henry.

Thomas E. McEllistrem, Patrick T. Tierney and Theodore J. Collins, St. Paul, for respondent.

## OPINION

PAGE, Justice.

This appeal by Barbara and James Joseph (collectively, the Josephs), the State of Minnesota, and William Henry is from a decision of the court of appeals reversing an order of the Chisago County District Court in a garnishment proceeding against Church Mutual Insurance Company (Church Mutual). In that proceeding, the district court held that Church Mutual was estopped by the six-year statute of limitations and collateral estoppel from denying insurance coverage to the Josephs. The court of appeals reversed, holding that neither the statute of limitations nor collateral estoppel applied. We reverse.

This case comes to this court after rather protracted litigation. On November 27, 1992, a motor-vehicle accident occurred in which Barbara Joseph struck Minnesota State Patrol Trooper William Henry with her minivan, causing him severe injuries. As a result of these injuries, Henry received workers' compensation benefits from his employer, the State of Minnesota. Barbara Joseph and her husband, James, who was an occupant of the minivan at the time of the accident, both worked as clergy for Two Harbors Gospel Tabernacle (Tabernacle) and, at least initially, claimed to be on church business when the accident occurred. The Josephs had personal automobile insurance for their minivan under a policy written by Royal Insurance Company. In addition, the Tabernacle had an excess liability insurance policy written by Church Mutual that covered "any * * * clergyman * * *, but only while acting within the scope of his duties as such."

Church Mutual was immediately informed of the accident and hired a claim service to investigate whether the Josephs were acting within the scope of their employment when the accident occurred. The claim service issued a report to Church Mutual suggesting that the Josephs were on church business when the accident occurred. Church Mutual notified the Josephs, however, that it was reserving its right to deny coverage under the policy. The Tabernacle then notified Church Mutual of its own investigation into the accident and its conclusion that the Josephs, in fact, were on church business at the time of the accident. The claim service later issued a second report, again suggesting that the Josephs were on church business at the time of the accident.

In 1993, Henry sued the Josephs to recover for his injuries. In January 1994, Henry settled with the Josephs and Royal Insurance Company for the policy limit of $250,000. The settlement agreement protected the Josephs' personal assets, but preserved Henry's claim against the Josephs by limiting satisfaction of any judgment to the limit of the Tabernacle's excess liability insurance policy. Royal Insurance Company tendered defense of Henry's lawsuit to Church Mutual, which accepted defense of the action, but reserved its right to deny coverage based on the validity of the settlement agreement involving the Josephs, Royal Insur-

ance Company, and Henry. In December 1994, the state intervened in Henry's lawsuit against the Josephs, seeking to protect its subrogation interests based on workers' compensation benefits it paid to Henry.

The case came to trial on October 30, 1995. In depositions taken before trial, both Barbara and James Joseph stated that they were on church business at the time of the accident. Two years earlier, Barbara had also testified under oath in the course of her criminal plea agreement to two petty misdemeanors that she was on church business at the time of the accident. On November 2, 1995, Church Mutual obtained a handwritten statement prepared by James Joseph stating that, as he then recalled the facts, he and his wife were not on church business when the accident occurred. The following day, Church Mutual notified the Josephs through the Josephs' attorney that it was denying coverage based on that handwritten statement. Neither Henry nor the state received notification of Church Mutual's denial of coverage.

On November 9, 1995, the jury returned a verdict in favor of Henry. The district court denied the Josephs' post-trial motions and they appealed. The court of appeals reversed in part and remanded for a new trial on the issue of liability. *Henry v. Joseph*, No. C9-96-433, 1996 WL 601625, at *4 (Minn.App. Oct.22, 1996), *rev. denied* (Minn. Dec. 17, 1996). On remand, the district court granted summary judgment in favor of Henry. The Josephs again appealed, and the court of appeals reversed and remanded. *Henry v. Joseph*, No. C5-94-672, 1998 WL 481932, at *7 (Minn.App. Aug.18, 1998), *rev. denied* (Minn. Oct. 20, 1998). On remand, a second jury trial was held on the issue of liability. The jury again found for Henry. This time no appeal was taken.

On or about October 27, 1999, Church Mutual commenced a declaratory judgment action against the Josephs and Henry in Washington County District Court seeking a determination that the Josephs were not acting in the performance or scope of their employment when the accident occurred and, thus, were not covered under the Tabernacle's excess liability insurance policy. At some point, Church Mutual sought to join the state as a party to the action. Neither the state nor the other parties opposed the state's joinder.

On or about October 29, 1999, the state, as creditor, commenced a garnishment proceeding in Chisago County District Court, naming Church Mutual as garnishee and the Josephs as debtors. Church Mutual denied that it held any property belonging to the Josephs. The state then filed a supplemental complaint, to which Church Mutual responded that the Josephs were not on church business when the accident occurred and, therefore, were not covered under the Tabernacle's excess liability insurance policy.

On February 16, 2000, during the pendency of the garnishment proceeding, the Washington County District Court dismissed Church Mutual's complaint for declaratory relief as time-barred. Specifically, the court held that the statute of limitations applicable to contracts, Minn. Stat. § 541.05, subd. 1 (2000), barred Church Mutual from denying the Josephs coverage under the Tabernacle's excess liability insurance policy because the issue had not been litigated within six years of the date of the accident or the date Henry notified the Josephs of his claim against Church Mutual. The court also denied Church Mutual's motion to join the state as moot. Church Mutual did not appeal and the judgment entered by the district court became final in April 2000.

Henry intervened in the Chisago County garnishment proceeding, alleging that the decision in the Washington County declaratory judgment proceeding barred relitigation of the coverage issue in the garnishment proceeding. The parties filed cross-motions for summary judgment and, on July 17, 2000, the Chisago County District Court granted summary judgment in favor of the state. The court held that the six-year statute of limitations barred Church Mutual's defenses concerning coverage and that Church Mutual was collaterally estopped from relitigating that issue. Church Mutual appealed.

The court of appeals reversed and remanded. *State v. Joseph,* 622 N.W.2d 358, 364 (Minn.App.2001). The court held that the statute of limitations did not apply to declaratory judgment actions or defenses. *Id.* at 362. The court also held that the district court erred in applying collateral estoppel because the Washington County District Court improperly dismissed Church Mutual's complaint for declaratory relief as time-barred. *Id.* at 363. The court concluded that, due to the improper dismissal, the Washington County District Court "never reached the merits of the coverage defense" and that Church Mutual "never had any opportunity to present evidence on the critical coverage issue." *Id.* In addition, the court held, *sua sponte,* that the Washington County judgment was not the law of the case in the garnishment

proceeding because the parties had not litigated the coverage defense. *Id.* at 364.

This appeal raises three questions: (1) whether the doctrine of res judicata [1] precludes Church Mutual from asserting in the garnishment proceeding that the Josephs are not entitled to coverage under the Tabernacle's excess liability insurance policy; (2) in the alternative, whether waiver and estoppel preclude litigation of the coverage issue in the garnishment proceeding; and (3) whether, under the doctrine of the law of the case, the judgment entered in the declaratory judgment proceeding applies to the garnishment proceeding.

## I.

On appeal from summary judgment, we consider whether genuine issues of material fact exist and whether the lower courts erred in applying the law. *Wilson v. Comm'r of Revenue,* 619 N.W.2d 194, 197 (Minn.2000). The applicability of res judicata is a question of law subject to de novo review. *Care Inst., Inc.–Roseville v. County of Ramsey,* 612 N.W.2d 443, 446 (Minn.2000).

## II.

The principal question before us is whether the judgment entered in the Washington County declaratory judgment proceeding bars Church Mutual from asserting in the Chisago County garnish-

---

1. Our use of the term "res judicata" in this opinion is consistent with the recent practice of this court in that it specifically refers to claim preclusion. *Wilson v. Comm'r of Revenue,* 619 N.W.2d 194, 198 (Minn.2000); *Care Inst., Inc.–Roseville v. County of Ramsey,* 612 N.W.2d 443, 447 (Minn.2000); *Dorso Trailer Sales, Inc. v. Am. Body & Trailer, Inc.,* 482 N.W.2d 771, 773–74 (Minn.1992). In the past, however, we have referred to res judicata as an umbrella doctrine encompassing the principles of: (1) claim preclusion, also known as estoppel by judgment or "merger or

bar"; and (2) issue preclusion, also known as collateral estoppel or estoppel by verdict. *Johnson v. Consol. Freightways, Inc.,* 420 N.W.2d 608, 613 (Minn.1988); *Ellis v. Minneapolis Comm'n on Civil Rights,* 319 N.W.2d 702, 703 (Minn.1982); *Hauser v. Mealey,* 263 N.W.2d 803, 806 (Minn.1978); *Bernstein v. Levitz,* 223 Minn. 46, 48, 25 N.W.2d 289, 290 (1946); *Wolfson v. N. States Mgmt. Co.,* 221 Minn. 474, 477, 22 N.W.2d 545, 547 (1946); *Gustafson v. Gustafson,* 178 Minn. 1, 3, 226 N.W. 412, 413 (1929).

ment proceeding that the Josephs are not covered under the Tabernacle's excess liability insurance policy. Although the decisions of the Chisago County District Court and the court of appeals turned on the application of collateral estoppel, we conclude that the applicability of res judicata is the more appropriate inquiry. In *Howe v. Nelson*, 271 Minn. 296, 135 N.W.2d 687 (1965), we recognized that, if an earlier declaratory judgment is to have a preclusive effect in a subsequent garnishment proceeding, the application of res judicata is preferable to the application of collateral estoppel. *Id.* at 301, 135 N.W.2d at 691. We stated:

> [A plaintiff should] be estopped by a declaratory judgment adverse to him from raising defenses in a subsequent coercive action against him that were adjudicated or might have been raised in the prior suit. In this situation, the inquiry must be whether the coercive suit is based on the cause of action that was sought to be defeated in the declaratory suit.

*Id.* at 303, 135 N.W.2d at 692.

 Res judicata operates as an absolute bar to a subsequent claim when: (1) the earlier claim involved the same claim for relief; (2) the earlier claim involved the same parties or their privies;[2] (3) there was a final judgment on the merits; and (4) the estopped party had a full and fair opportunity to litigate the matter. *Wilson*, 619 N.W.2d at 198; *Dorso Trailer Sales, Inc. v. Am. Body & Trailer, Inc.*,

482 N.W.2d 771, 774 (Minn.1992). Res judicata applies to all claims actually litigated as well as to all claims that could have been litigated in the earlier proceeding. *Wilson*, 619 N.W.2d at 198; *Care Inst.*, 612 N.W.2d at 447.

Here, the record reveals that the defense Church Mutual raised in this garnishment proceeding, i.e., denial of coverage to the Josephs because they were not on church business at the time of the accident, is identical to the claim for relief they raised in the declaratory judgment proceeding. Thus, we conclude that the first requirement for the application of res judicata is met.

The record also reveals that the Washington County declaratory judgment proceeding and the Chisago County garnishment proceeding involved the same parties or their privies. In the Washington County declaratory judgment proceeding, the parties were Henry, the Josephs, and Church Mutual. While the state was not a party to the Washington County declaratory judgment proceeding, the state was a party in the underlying tort litigation, having intervened to protect its subrogation interests based on its payment of workers' compensation benefits to Henry. On that basis, we conclude that the state was in privity with Henry in the Washington County declaratory judgment proceeding. In the Chisago County garnishment proceeding, the state, Henry, the Josephs, and Church Mutual were all parties. Thus, the

---

2. To determine whether two parties are in privity, we examine carefully the circumstances of the case before us. *Margo–Kraft Distribs., Inc. v. Minneapolis Gas Co.*, 294 Minn. 274, 278, 200 N.W.2d 45, 47–48 (1972); *McMenomy v. Ryden*, 276 Minn. 55, 59, 148 N.W.2d 804, 807 (1967) (citations omitted). In general, privity involves a person so identified in interest with another that he represents the same legal right. *McMenomy*, 276 Minn. at 58–59, 148 N.W.2d at 807 (citing 30A Am.Jur., Judgments § 399 (1958)); *see also Margo–Kraft Distribs., Inc.*, 294 Minn. at 278, 200 N.W.2d at 48 (recognizing that those in privity may include those who control an action although not parties to it, those whose interests are represented by a party to the action, and successors in interest to those having derivative claims) (citations omitted).

second requirement for the application of res judicata is met.

With respect to the third requirement, Church Mutual argues that the Washington County declaratory judgment proceeding did not involve a final judgment on the merits. Church Mutual maintains that the court resolved only Henry's Rule 12 motion to dismiss based on the expiration of the statute of limitations for bringing a declaratory judgment action and did not reach the merits of the coverage issue. The court of appeals agreed.

The record reveals that, in its complaint for declaratory relief, Church Mutual prayed for "judgment against the Defendants, and each of them, declaring that Plaintiff's insurance policy affords no coverage for the claims asserted in the Henry lawsuit." On February 16, 2000, the Washington County District Court granted the defendants' motion to dismiss the complaint. The order dismissing the complaint, however, does not appear to be limited, as Church Mutual suggests. Paragraph 2 of the order states that: "Defendants' motion to dismiss the Complaint for failure to commence the declaratory judgment action within six years of the date of the accident is GRANTED. Judgment shall be entered in favor of Defendant." Significantly, in paragraph 7, the order also states that: "The Washington County Court Administrator is directed to enter judgment in favor of Defendants on the Complaint * * *." We read paragraph 7 to require entry of judgment on the entire complaint, including its prayer for relief. Therefore, we conclude that the judgment entered was on the merits.

Our conclusion is reinforced by Rule 41.02(c) of the Minnesota Rules of Civil Procedure.[3] Rule 41.02(c) provides that, unless the court specifies otherwise, a dismissal not provided for in the rule or in Rule 41.01 operates as an adjudication on the merits, unless certain exceptions, which are not applicable to this case, apply. Minn. R. Civ. P. 41.02(c). Here, the dismissal of Church Mutual's declaratory judgment action was a dismissal not provided for by this rule or Rule 41.01, and the district court's order did not specify that the dismissal operated as anything other than an adjudication on the merits. Therefore, when judgment was entered and the time for appeal from that judgment expired, the judgment became a final judgment on the merits, thereby satisfying the third requirement for the application of res judicata.

Finally, we conclude that Church Mutual had a full and fair opportunity to litigate the coverage defense in the Washington County declaratory judgment proceeding. The question of whether a party had a full and fair opportunity to litigate a matter generally focuses on "whether there were significant procedural limitations in the prior proceeding, whether the party had the incentive to litigate fully the issue, or whether effective litigation was limited by the nature or relationship of the parties." Sil–Flo, Inc. v. SFHC, Inc., 917 F.2d 1507, 1521 (10th Cir.1990) (citing 18 Charles Alan Wright, Arthur R. Miller & Edward H. Cooper, Federal Practice and Procedure § 4423 (1981 & Supp.2000)). The record here indicates that there were no significant procedural limitations placed on Church Mutual in the Washington

---

3. Rule 41.02(c) provides:
 Unless the court specifies otherwise in its order, a dismissal pursuant to this rule and any dismissal not provided for in this rule or in Rule 41.01, other than a dismissal for lack of jurisdiction, for forum non conviens, or for failure to join a party indispensable pursuant to Rule 19, operates as an adjudication upon the merits.
 Minn. R. Civ. P. 41.02(c).

County declaratory judgment proceeding, that Church Mutual had every incentive to fully litigate the matter, and effective litigation was not limited by the nature or relationship of the parties.

 Moreover, a litigant's disagreement with a legal ruling does not necessarily mean that the court denied the litigant a full and fair opportunity to litigate a matter. *Id.* Here, if Church Mutual believed that the decision of the Washington County District Court was erroneous, it had both the right and the opportunity to appeal.[4] For reasons known only to Church Mutual, it chose not to appeal. Had it successfully appealed, Church Mutual would not be in the position it finds itself in now. In *H.P. Droher & Sons v. Toushin*, 250 Minn. 490, 85 N.W.2d 273 (1957), we stated, "Ordinarily, when a litigant is willing to gamble on the outcome of a lawsuit and sit silent when he has an opportunity to present evidence, he should be bound by the result, whatever it may be." *Id.* at 502, 85 N.W.2d at 282. Although our statement in *H.P. Droher & Sons* concerned a plaintiff's failure to introduce evidence during trial, the same may be said when a litigant sits silent on the opportunity to appeal. Thus, we conclude that the fourth requirement for the application of res judicata has been met.

Having concluded that the facts of this case satisfy the four requirements for the application of res judicata, we hold that the resolution of the Washington County de-

claratory judgment proceeding bars Church Mutual from asserting in the Chisago County garnishment proceeding that the Josephs are not entitled to coverage under the policy it issued to the Tabernacle. Our holding here makes it unnecessary for us to reach issues relating to waiver and estoppel and the doctrine of the law of the case.

Reversed and summary judgment reinstated.

---

4. Whether the decision in the Washington County declaratory judgment proceeding was erroneous has no bearing on our determination here. We have held that, in considering whether a judgment may preclude litigation of the same claim in a subsequent proceeding, it is immaterial whether a judgment on the merits unappealed from was right or wrong. *Hoofnagle v. Alden*, 170 Minn. 414, 419, 213 N.W. 53, 55 (1927); *see also Dieseth v. Calder Mfg. Co.*, 275 Minn. 365, 370–71, 147 N.W.2d 100, 103 (1966) (holding that an appealable

order is still final after the time for appeal has expired even though the decision of the trial court may have been wrong); *Ossman v. Diana Corp.*, 825 F.Supp. 870, 876 (D.Minn. 1993) (recognizing that, generally, a court does not consider the propriety of another court's ruling in determining whether it should give preclusive effect to that court's order). Having no need to determine whether the Washington County District Court erred, we decline to do so.