**MOWER COUNTY HUMAN SERVICES, o/b/o Heidi J. Garcia, Appellants,**

v.

**Philip S. GRAVES, Respondent.**

No. C6–99–2008.

Court of Appeals of Minnesota.

June 13, 2000.

Patrick A. Oman, Mower County Attorney, Robert W. Auron, Assistant County Attorney, Austin, MN (for appellants).

J. Chris Carpenter, Chesley, Kroon, Chambers & Harvey, PLLP, Mankato, MN (for respondent).

Considered and decided by HALBROOKS, Presiding Judge, AMUNDSON, Judge, and WILLIS, Judge.

## OPINION

WILLIS, Judge

Mower County appeals the district court's dismissal of its complaint for a determination of paternity. We affirm.

## FACTS

Heidi Garcia and respondent Philip S. Graves lived together intermittently from August 1984 to November 1985, during which time they engaged in sexual intercourse. In October 1985, Garcia also had sexual intercourse with S.N. and another unidentified male. On July 22, 1986, Garcia gave birth to V.A.G., and shortly thereafter Garcia began receiving public assistance from Mower County.

In 1988, appellant Mower County Human Services brought a paternity action against Graves on behalf of V.A.G. A guardian ad litem represented V.A.G. in the proceeding. Graves contested paternity, and the case was submitted to the court for trial. Although blood-test results showed a 96.56% likelihood that Graves was the father, the district court ruled that the state failed to establish the paternity of the child and dismissed the complaint.

In May 1999, Mower County Human Services brought a second paternity action

against Graves, this time on behalf of Heidi Garcia. Graves moved the district court to dismiss the paternity action on the grounds of res judicata and collateral estoppel, based on the 1988 order.

The district court dismissed appellant's complaint on the grounds that it was barred by res judicata and collateral estoppel, and that the Parentage Act, Minn.Stat. §§ 257.51–.74 (1998), provides that a prior judgment determining the existence or nonexistence of paternity is determinative for all purposes. This appeal follows.

## ISSUES

1. Did the district court err in concluding that the doctrines of res judicata and collateral estoppel bar a paternity action brought on behalf of a mother following the dismissal of an earlier paternity action on behalf of her child brought against the same alleged father?

2. Did the district court err in dismissing the paternity action on the ground that under the Parentage Act, a prior judgment determining the existence or nonexistence of paternity is determinative for all purposes?

## ANALYSIS

### I.

■ This court reviews de novo whether the doctrines of res judicata or collateral estoppel apply to a given set of facts. *G.A.W., III v. D.M.W.,* 596 N.W.2d 284, 287 (Minn.App.1999), *review denied* (Minn. Sept. 28, 1999).

### A. Res Judicata

■ Res judicata, or claim preclusion, operates as an absolute bar to a subsequent suit on the same cause of action, both as to claims actually litigated and as to claims or defenses that might have been litigated. *Howe v. Nelson,* 271 Minn. 296, 301, 135 N.W.2d 687, 691 (1965). Res judicata requires (1) a final judgment on the merits; (2) identical parties or parties in privity; and (3) that the second suit involves the same cause of action. *Myers v. Price,* 463 N.W.2d 773, 776 (Minn.App. 1990), *review denied* (Minn. Feb. 4, 1991).

■ The parties here agree that there was a final judgment on the merits of the paternity claim in the first suit and that the claims are identical, but appellant argues that in the context of a paternity action a mother and child are not in privity and have independent rights to bring suit. Whether persons are in privity must be determined by the facts of each case. *Johnson v. Hunter,* 447 N.W.2d 871, 874 (Minn.1989) (stating that family members are not necessarily in privity). In *Johnson,* the supreme court allowed a child to commence a second paternity action where she had been unrepresented in an earlier action. *Id.* (concluding that six-month-old infant unrepresented by independent counsel and without guardian ad litem was not party to or privy to paternity action). The supreme court held that a child's specific interests in a determination of paternity outweigh the importance of finality and consistency of judgments. *Id.* at 875–76 (stating that child's fundamental rights in establishing parental relationship include inheritance, medical support, causes of action, worker's compensation dependence allowances, and veteran's education benefits). Unless the child's specific interests in establishing paternity are addressed on the merits of a paternity action, a separate cause of action to establish paternity will be available to the child. *Id.* at 877. *But cf. Benson v. Hackbarth,* 481 N.W.2d 375 (Minn.App.1992) (holding that minor child's action for support from father who admitted paternity and paid lump sum to settle previous paternity suit was barred where child's interests were adequately represented by mother and Commissioner of Public Welfare), *review denied* (Minn. April 27, 1992).

Appellant relies on *Johnson* for the assertion that it is entitled to bring a second paternity action against Graves on behalf of Garcia, despite a prior adjudication on

the merits of an action brought by her child. But *Johnson* and its progeny hold only that where a child's interests were not previously represented the child may bring a subsequent paternity action. *See R.B. v.C.S.*, 536 N.W.2d 634, 638 (Minn.App. 1995) (holding that child not represented in adjudication of her paternity may bring subsequent paternity action, and results of earlier adjudication are not determinative as to her); *County of Dakota v. Hendrickson*, 482 N.W.2d 516, 518 (Minn.App.1992) (holding that dismissal of paternity suit brought by mother and county was not res judicata as to child's independent paternity action), *review denied* (Minn. May 15, 1992). The holding in *Johnson* does not support appellant's assertion that a mother may bring a subsequent paternity action against the same alleged father when her child's interests were represented in a previous action.[1]

■ Here, as the district court concluded, the child's interests have already been vindicated. V.A.G. was the plaintiff in the first action, she was represented by counsel and a guardian ad litem, she was given the opportunity to litigate her claim fully, and the court decided the claim on its merits.

The district court also concluded that Garcia was privy to the first cause of action. In its order, the court noted that Garcia testified and was cross-examined. In *State v. Sax*, 231 Minn. 1, 42 N.W.2d 680 (1950), the supreme court determined that a mother was privy to a paternity proceeding brought by the state even though she was not specifically named as a party. 231 Minn. at 7–9, 42 N.W.2d at 684–85. The court reasoned that a mother has a definite financial interest in a child-support award and that due process requires that she have an opportunity to be heard and to present evidence in support of her rights. *Id.* Here, Garcia had the assistance of legal counsel who represented her child in the prior action. She also attended and testified at the hearing. Garcia's interests, therefore, were addressed in the prior adjudication, and she was in privity with her child for purposes of res judicata.

**B. Collateral Estoppel**

■ Collateral estoppel, or issue preclusion, bars relitigation of issues that were actually litigated or decided in a prior suit. *Aufderhar v. Data Dispatch, Inc.*, 452 N.W.2d 648, 650 (Minn.1990). Collateral estoppel applies when: (1) the issue litigated is identical with one in a prior adjudication; (2) there was a final judgment on the merits; (3) the estopped party was a party or was in privity with a party to the prior litigation; and (4) the estopped party was given a full and fair opportunity to be heard on the adjudicated issue. *Id.*

■ Appellant does not dispute that the first two elements are satisfied. But appellant argues that Garcia was not in privity with her child and should not be bound by the action brought on behalf of her child. We have already decided that Garcia was in privity with her child in the earlier action. And Garcia was given a full and fair opportunity to be heard on the issue of paternity in the first action. Garcia attended that hearing, testified, and was cross-examined. Therefore, collateral estoppel also bars relitigation of the paternity determination.

---

1. We note that in previous decisions this court has used the term "putative father" to mean a person who is alleged to be the father of a child. *See, e.g., R.B.*, 536 N.W.2d at 636; *Kelly v. Cataldo*, 488 N.W.2d 822, 826–27 (Minn.App.1992), *review denied* (Minn. Sept. 15, 1992). In 1997, however, the legislature enacted a definition of "putative father" in the adoption statutes that does not comport with our prior usage of this word. *See* 1997 Minn. Laws ch. 218, § 7; *see also* Minn.Stat. § 259.21, subd. 12 (1998) (defining "putative father" as a person who is not married to the child's mother before the child is born and who has not established paternity of the child in a court proceeding before the filing of a petition for the adoption of the child). Because this case does not involve an adoption proceeding, we use the term "alleged father."

## II.

The district court also dismissed appellant's complaint on the ground that it was barred by the Parentage Act, Minn.Stat. §§ 257.51–.74 (1998), which governs determinations of paternity. Under the act, an adjudication "determining the existence or nonexistence of the [parent-and-child] relationship is determinative for all purposes." Minn.Stat. § 257.66, subd. 1. There is an exception to this rule when a child is not represented in an adjudication of his or her paternity. *R.B.*, 536 N.W.2d at 638 (reasoning that application of Parentage Act resulting in child being bound by paternity action to which he or she had no notice and no opportunity to be heard would result in unconstitutional deprivation of due process). But Minnesota courts have never held that an adjudication of paternity is not determinative merely because the child's mother is not a named party in an earlier paternity action. Therefore, the prior adjudication determining the nonexistence of the parent-and-child relationship is determinative, and the Parentage Act operates as a bar to this claim.

## DECISION

The district court did not err in holding that the doctrines of res judicata and collateral estoppel bar a paternity action brought on behalf of a mother following the dismissal of an earlier paternity action brought on behalf of her child against the same alleged father. The district court also did not err in holding that when a child is represented in an adjudication of her paternity, the adjudication is determinative for all purposes under Minn.Stat. § 257.66, subd. 1 (1998), and bars a subsequent paternity action against the same alleged father.

**Affirmed.**