*This opinion will be unpublished and may not be cited except as provided by Minn. Stat. § 480A.08, subd. 3 (2012).*

**STATE OF MINNESOTA
IN COURT OF APPEALS
A14-0517**

Haugen Nutrition & Equipment, LLC, et al.,
Appellants,

vs.

United Prairie Bank of Mountain Lake,
Respondent.

**Filed December 8, 2014
Affirmed
Peterson, Judge**

Cottonwood County District Court
File No. 17-CV-13-121

John E. Mack, Mack & Daby, New London, Minnesota (for appellants)

Thomas P. Melloy, Gray, Plant, Mooty, Mooty & Bennett, P.A., St. Cloud, Minnesota (for respondent)

Considered and decided by Reyes, Presiding Judge; Peterson, Judge; and Reilly, Judge.

# U N P U B L I S H E D   O P I N I O N

**PETERSON**, Judge

Appellants, former property owners, challenge the summary judgment granted to respondent bank on their cause of action seeking damages for excessive attorney fees charged by respondent or, in the alternative, the return of some or all of the real and personal property sold by respondent pursuant to mortgage and security agreements

between appellants and respondent. Because there is either no factual basis for appellants' claims or the claims could have been brought in prior actions and, therefore, are barred by res judicata, we affirm.

**FACTS**

Appellants Haugen Nutrition & Equipment LLC, Leland Haugen, Ilene Haugen, and Haugen Nutrition and Equipment were parties in previous lawsuits brought by respondent United Prairie Bank of Mountain Lake for mortgage foreclosure, replevin, eviction, and enforcement of security agreements that involved appellants' real and personal property. The property included two parcels of agricultural land, a feed-mill business, and farm machinery, equipment, and livestock.

Appellants failed to make payments due, and in 2005, respondent brought suit seeking to recover personal property in which it held a security interest under the security agreements and a determination that it was the owner of the real property. *See United Prairie Bank v. Haugen Nutrition & Equip., LLC*, 782 N.W.2d 263, 266 (Minn. App. 2010) (affirming foreclosure), *reversed in part on other grounds*, 813 N.W.2d 49 (Minn. 2012). The district court determined that respondent held an equitable mortgage on appellants' real property, which could be foreclosed by action, and ordered foreclosure on all assets secured under the security agreements[1] and the mortgage.[2] *Id.* at 268. The

---

[1]All collateral in which respondent held a security interest was seized and sold. Appellants did not raise any fact issues at trial regarding the seizure and sale of the collateral.

[2]The mortgage on the real property was foreclosed by action, respondent purchased the property at the sheriff's sale, and the district court confirmed the sale. Appellants did not appeal the foreclosure judgment or the confirmation order. Appellants failed to redeem

2

district court also determined the reasonable amount of attorney fees that respondent could recover under the security agreements. *Id.* Appellants challenged the district court's attorney-fee award, arguing that they were entitled to have a jury trial for a claim to recover attorney fees based on a contract. *Id.* at 266. This court determined that appellants were not entitled to a jury trial on the attorney-fee claim and affirmed the district court's award. *Id.* at 268-73.

The Minnesota Supreme Court reversed this court and ruled that appellants had a constitutional right to a jury trial on respondent's attorney-fee claim because the claim was a legal claim based on the parties' contracts. *United Prairie Bank-Mountain Lake v. Haugen Nutrition & Equip*, 813 N.W.2d 49, 63 (Minn. 2012). The supreme court remanded the attorney-fee issue to be decided in a jury trial. *Id*. at 62 n.10. On remand, instead of holding a jury trial on the attorney-fee issue, the parties entered into a stipulation dismissing respondent's attorney-fee claim without prejudice.

In the current action, appellants sought damages for excessive attorney fees charged by respondent or the return of some or all of the real and personal property sold by respondent pursuant to the mortgage or security agreements. The district court granted summary judgment in favor of respondent, concluding that no genuine issue of fact exists for purposes of summary judgment because respondent "stopped pursuing their claims for attorney's fees and . . . stipulated to a dismissal of those claims." The

---

during the 12-month redemption period, and they were evicted from the property. This court affirmed the district court's summary judgment in the eviction action. *See United Prairie Bank-Mountain Lake v. Haugen Nutrition & Equip.,* LLC, No. A10-1342 (Minn. App. 2011) (affirming eviction), *review denied* (Minn. May 25, 2011).

district court also ruled that "[t]o the extent that [appellants] seek to attack the validity of the sales of the property, those claims are barred by collateral estoppel and res judicata." This appeal followed.

## D E C I S I O N

A district court must grant a motion for summary judgment if the evidence demonstrates "that there is no genuine issue as to any material fact and that either party is entitled to a judgment as a matter of law." Minn. R. Civ. P. 56.03. A genuine issue of material fact exists if a rational trier of fact, considering the record as a whole, could find for the non-moving party. *Frieler v. Carlson Mkts. Grp., Inc.*, 751 N.W.2d 558, 564 (Minn. 2008). This court applies a de novo standard of review to the court's legal conclusions and views the evidence in the light most favorable to the non-moving party. *RAM Mut. Ins. Co. v. Rohde*, 820 N.W.2d 1, 6 (Minn. 2012). We will affirm if no genuine issue of material fact exists and the district court properly applied the law. *Kratzer v. Welsh Cos., LLC*, 771 N.W.2d 14, 18 (Minn. 2009).

Appellants sought damages for excessive attorney fees charged by respondent, arguing that they are entitled to have returned to them "the difference between the amount of attorneys' fees charged by [respondent] and the amount of attorneys' fees actually found to have been due and owing by the jury." But, as the district court concluded, there is no evidence that appellants have paid respondent any attorney fees, and respondent is no longer pursuing a claim for attorney fees and has stipulated to a dismissal of its claim. Consequently, there is no factual basis for appellants' damages claim. *See Frieler*, 751 N.W.2d at 564 ("No genuine issue of material fact exists when

4

the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party.").

Appellants also alleged that the attorney fees charged by respondent greatly increased appellants' indebtedness, which made it impossible for them to redeem their personal property after it was seized and sold or their real property after the foreclosure and sheriff's sale. Thus, appellants claim, they are entitled to a return of "some or all of the real and personal property foreclosed or replevied and sold by [respondent]." The district court determined that this claim was barred by res judicata and collateral estoppel.

The doctrine of res judicata bars a party from relitigating claims that were either heard or could have been heard in a prior action. *Hauschildt v. Beckingham*, 686 N.W.2d 829, 837 (Minn. 2004). Res judicata prevents parties from litigating all claims that arose from the same circumstances, even if they are raised under new legal theories. *Id*. The elements of res judicata are "(1) the earlier claim involved the same set of factual circumstances; (2) the earlier claim involved the same parties or their privies; (3) there was a final judgment on the merits; and (4) the estopped party had a full and fair opportunity to litigate the matter." *Rucker v. Schmidt*, 794 N.W.2d 114, 117 (Minn. 2011). Whether res judicata applies in a given situation is subject to de novo review. *Hauschildt*, 686 N.W.2d at 840.

The gist of appellants' claim is that the sales of their personal property and their real property were invalid because the attorney fees that respondent attempted to recover were excessive. But the sales of personal property were affirmed by the district court, the sheriff's sale of real property was confirmed by the district court, and appellants did not

5

challenge the finality of the sales. Res judicata "operates as an absolute bar to a subsequent suit on the same cause of action, concluding the parties and their privies not only as to every matter that was litigated but also as to any other claim *or defense* which might have been litigated." *Howe v. Nelson*, 271 Minn. 296, 301, 135 N.W.2d 687, 691 (1965) (emphasis added); *see Mower Cnty. Human Servs. v. Graves*, 611 N.W.2d 386, 388 (Minn. App. 2000) (stating that res judicata applies to "claims *or defenses* that might have been litigated").

Whether the attorney fees charged by respondent affected the validity of the sales of appellants' real and personal property is a claim that might have been litigated at the time of the sales, and this claimed defense should have been raised in the foreclosure and replevin actions. Appellants did not challenge the district court's judgment affirming the personal-property sales or the district court's confirmation of the sheriff's sale. Consequently, the defense is barred by res judicata. *Schober v. Comm'r of Revenue*, 853 N.W.2d 102, 111 (Minn. 2013) (stating that res judicata bars a party from bringing repetitive suits involving claims that were either litigated in a previous action or could have been raised in a previous action).

Appellants also argue that because the supreme court remanded the foreclosure case to the district court, any issues raised by appellants were viable on remand. This is incorrect because the supreme court specifically ruled that issues "unrelated to [respondent's] claim for the recovery of attorney fees . . . are not affected by this remand because they were not raised in appellants' petition for review." *United Prairie Bank-*

*Mountain Lake*, 813 N.W.2d at 62 n.10. Thus, the validity of the sales was not an issue remanded to the district court.

**Affirmed**.