Jacob **GAALSWYCK**, Plaintiff,

v.

**GENERAL CASUALTY CO. OF WISCONSIN, Appellant,**

**Commercial Standard Insurance Company, Defendant,**

**and**

**GENERAL CASUALTY CO. OF WISCONSIN, Defendant and Third Party Plaintiff, Appellant,**

v.

**MUTUAL SERVICES CASUALTY INSURANCE COMPANY,**
**Respondent.**

**No. C1–85–12.**

Court of Appeals of Minnesota.

Aug. 13, 1985.

Review Denied Oct. 24, 1985.

Michael J. Morley, Grand Forks, N.D., for appellant.

Kenneth F. Johannson, Crookston, for respondent.

Heard, considered and decided by LANSING, P.J., and LESLIE and NIERENGARTEN, JJ.

## OPINION

NIERENGARTEN, Judge.

Third-party plaintiff General Casualty Company appeals from a summary judgment dismissing the third-party defendant, Mutual Services Casualty Insurance Company, from this action. We affirm.

## FACTS

The plaintiff, Jacob Gaalswyck, was injured in September 1982 while performing maintenance work on a commercial vehicle insured by defendant Commercial Standard Insurance Company. At the time he was injured, Gaalswyck owned a pickup truck which was insured by defendant General Casualty Company. When Gaalswyck's claims for no-fault benefits against both Commercial Standard and General Casualty were denied, he brought a declaratory judgment action against the carriers.

General Casualty impleaded Mutual Services Casualty Company, which had insured an automobile owned by Gaalswyck's wife.. General Casualty alleged that if it must provide economic loss benefits to Gaalswyck, then Mutual Services should also be obligated to provide those benefits to Gaalswyck, and that in case of a judgment, General Casualty would be entitled to contribution or indemnity from Mutual Services.

Mutual Services denied coverage to Gaalswyck under his wife's policy. The trial court agreed, and granted Mutual Service summary judgment. General Casualty has appealed.

## ISSUE

Did the trial court properly conclude that a policy of insurance issued to Gaalswyck's wife did not cover injuries to Gaalswyck?

## ANALYSIS

Relevant provisions of the Mutual Services insurance policy issued to Gaalswyck's wife state:

### DEFINITIONS

**DEFINITIONS** Throughout this policy, **you** and **your** refer to the named insured shown in the Declarations and the spouse if a resident of the same household. * * *

Other words and phrases are defined to shorten the policy. They are bold-faced [underscored] when used.

\* . \* \* \* \* \*

### PART B
### NO FAULT COVERAGES

We will pay in accordance with the Minnesota No Fault Act for **bodily injury** to an **insured,** caused by accident resulting from the maintenance or use of a motor vehicle as a vehicle.

\* \* \* \* \* \*

**ADDITIONAL DEFINITIONS** As used in Part B **Insured** means:

1. You, your spouse or your **relatives** * * *.

**Insured** does not include any person other than you who is

1. A named insured under any other policy * * *.

General Casualty argues that according to the General Definitions section of the Mutual Service policy, "you" includes a spouse living in the same household as a policyholder; thus, Gaalswyck could not be a person "other than you" who was a named insured under another policy.

Mutual Services, on the other hand, argues that "insured" is defined in Part B as "you, your spouse or your relatives", which clearly distinguishes between "you" and "your spouse". Mutual Services concludes that the phrase "other than you," as used in Part B, is intended to exclude from coverage a spouse who is a named insured under another policy.

General Casualty counters that these conflicting views at least demonstrate the insurance policy as a whole is ambiguous and should be construed to provide coverage.

■ Because the trial court relied solely upon documentary evidence in granting summary judgment, we need not defer to the court's decision. *Maher v. All Nation Insurance Co.,* 340 N.W.2d 675, 678 (Minn. Ct.App.1983), *pet. for rev. denied,* (Minn. Apr. 25, 1984).

■ Minn.Stat. § 65B.43, subd. 5 (1984) defines an "insured" for purposes of the no-fault act as follows:

*"Insured" means an insured* under a plan of reparation security as provided by [the no-fault act], *including the named insured and the following persons* not identified by name as an insured while (a) residing in the same household with the named insured and (b) *not identified by name in any other contract for a plan of reparation security* * * * as an insured:

(1) a spouse * * *.

*Id.* (emphasis added). Notwithstanding this statutory definition, an insurer may offer greater protection than required by statute. *See* 8D Appleman *Insurance Law and Practice* § 5163 (1981). Thus, Mutual Services could properly include Gaalswyck as an "insured" spouse under its policy, even though he was covered by another insurance contract.

■ Although the General Definition section of the Mutual Service policy states that the term "you" includes a spouse residing in the insured's household, throughout the entire policy the terms "you" and "your spouse" are used independently. Further, the term "you" when initially defined is set in boldface type. Nowhere else, however, does "you" appear in boldface. In contrast, other terms which are initially defined in boldface type, consistently appear throughout the policy in that same boldface type. As the trial court noted, the term "you" as defined in the General Definitions section (including a spouse) is clearly inapplicable in Part B, where the policy specifically defines "in-

sured" as "you, your spouse or your relatives." We therefore find that the Mutual Service policy covering Gaalswyck's wife as a whole is not ambiguous, and excludes Gaalswyck.

Because of this finding, we do not address the priority issues.

### DECISION

The Mutual Services' policy is not ambiguous and does not cover injuries to Gaalswyck, since he was a named insured under another policy.

Affirmed.