Deborah RYAN, Appellant,

v.

PROGRESSIVE CASUALTY
INSURANCE COMPANY,
Respondent.

No. C1–85–2150.

Court of Appeals of Minnesota.

May 20, 1986.

Daniel T. Cody, St. Paul, for appellant.

Daniel J. Heuel, Rochester, for respondent.

Heard, considered and decided by PARKER, P.J., and LANSING and CRIPPEN, JJ.

## OPINION

PARKER, Judge.

Appellant Deborah Ryan, the surviving spouse of Donald Ryan, commenced this action seeking a declaration of her right to recover survivor's loss benefits under a combination automobile insurance policy issued to Donald Ryan by respondent Progressive Casualty. Following cross-motions for summary judgment, the trial court granted Progressive's motion. Deborah Ryan appeals the judgment entered. We reverse.

## FACTS

Donald Ryan was killed in an auto accident in Olmsted County while driving a 1984 Chevrolet registered in his wife's name and covered under a personal automobile insurance policy issued by Tri-State Insurance Co. Deborah Ryan applied for payment of, and Tri-State paid, the funeral and burial expenses, as well as survivor's loss benefits.

After collecting the limits of the Tri-State coverage, Deborah Ryan applied for benefits under an auto insurance policy issued by Progressive Casualty to Donald Ryan in connection with his business, Ryan Construction. Donald Ryan was the sole owner of Ryan Construction, an unincorporated cement contracting firm operated as a sole proprietorship in Rochester, Minnesota.

Donald Ryan was the owner, as an individual, of five separate motor vehicles, insured under one policy issued to him by Progressive. He paid a separate premium for coverage of each vehicle.

He had initially applied to Progressive for motor vehicle insurance for two pickup trucks and a two-ton stake truck used in his business. The "applicant" is identified as an "individual" rather than a corporation or partnership on the insurance application form. The vehicles were scheduled for commercial use exclusively, with a maximum radius of 100 miles from the place of business. Total annual mileage for each of the vehicles was listed as not to exceed 2,000.

The trial court found that Donald Ryan was the "named insured" under the Progressive policy. Although Donald Ryan had filled out an application for a business policy, the form policy actually issued to him was a standard policy of auto insurance that could be issued to an individual. Progressive refers to a "Commercial Vehicle Policy" in its brief; however, the policy actually issued bears the title, "Combi-

nation Automobile Policy." The policy appears to have been adapted for commercial use by means of several restrictive endorsements, including a "limitation of use" endorsement restricting coverage of the scheduled vehicles to commercial use within 100 miles of the business address of the named insured.

The policy issued to Donald Ryan by Progressive included a standard personal injury protection (PIP) endorsement. The PIP endorsement defines "eligible injured person" as "the *named insured* or any relative who sustains bodily injury while occupying or while a pedestrian through being struck by any motor vehicle." The endorsement further defines survivor's loss benefits as payable "in the event of the death of an eligible injured person occurring within one year from the date of the accident * * *."

## ISSUES

1. Was Donald Ryan covered by Progressive's "Combination Automobile Policy" while operating his wife's automobile?

2. Is Deborah Ryan entitled to stack coverage for vehicles insured under the Progressive policy?

## DISCUSSION

### I

■ It is well established that first-party coverages for which the insured pays a premium follow the person, not the vehicle. *American Motorist Insurance Co. v. Sarvela*, 327 N.W.2d 77, 79 (Minn.1982); Minn.Stat. § 65B.47, subd. 4(a) (1984). Thus, the no-fault coverage under the Progressive policy would ordinarily cover Donald Ryan, even though he was killed while driving his wife's vehicle. This dispute arises because Progressive contends the policy issued to Donald Ryan was a "commercial" policy covering injury only to an employee of Ryan Construction while driving or occupying one of the business' vehicles scheduled in the policy declaration.

■ The trial court found that Donald Ryan was the named insured and that the vehicles scheduled in the policy were owned by Donald Ryan as an individual. Nevertheless, the court accepted Progressive's characterization of the policy as strictly commercial in nature and held there was no coverage for claims arising out of Donald Ryan's personal use of his wife's automobile.

When contractual obligations are susceptible of variant interpretations and in no way dependent upon a resolution of controverted evidence, the issue is one of law for the court to resolve. *Midway Center Associates v. Midway Center, Inc.*, 306 Minn. 352, 356, 237 N.W.2d 76, 78 (1975). Because the trial court relied solely upon documentary evidence in granting summary judgment, we need not defer to its decision. *Maher v. All Nation Insurance Co.*, 340 N.W.2d 675, 678 (Minn.Ct.App.1983), *pet. for rev. denied*, (Minn. Apr. 25, 1984). We hold that the trial court erred as a matter of law in holding that the Progressive policy did not provide coverage for Donald Ryan while driving his wife's car.

As indicated in the factual summary, the PIP endorsement clearly provided survivor's loss benefits in the event of the death of the named insured. None of the restrictive endorsements cited by Progressive vitiate this coverage. The limitation of use endorsement merely added use and proximity restrictions to the vehicles scheduled in the policy. Furthermore, "[p]olicy exclusions which attempt to prevent the coverage from following the person are inconsistent with the purposes of the Minnesota No-Fault Act." *Sarvela*, 327 N.W.2d at 79.

### II

■ Under *Wasche v. Milbank Mutual Insurance Co.*, 268 N.W.2d 913 (Minn. 1978), stacking of basic economic loss benefits is limited to those coverages which (a) are applicable to the injured party as an insured, and (b) are on the same priority level. Minn.Stat. § 65B.47, subds. 1–4 (1984). We held above that the Progressive policy provided basic economic loss coverage to Donald Ryan as the named

insured. The relevant priority level states: "The security for payment of basic economic loss benefits applicable to injury to an insured is the security under which the insured person is an insured." Minn.Stat. § 65B.47, subd. 4(a).

The Tri-State policy issued to Deborah Ryan also lies at the priority level designated by Minn.Stat. § 65B.47, subd. 4(a). We note, however, Deborah Ryan has conceded that the Tri-State policy included language that would exclude Donald Ryan from coverage if he were a "named insured" under another policy. This exclusion tracks the language of Minn.Stat. § 65B.43, subd. 5 (1984), and is clearly enforceable. *Gaalswyck v. General Casualty Company of Wisconsin*, 372 N.W.2d 435, 437 (Minn.Ct. App.1985), *pet. for rev. denied*, (Minn. Oct. 24, 1985). Because Tri-State is not a party to this action, we do not consider whether it is entitled to recover the benefits it has already paid to Deborah Ryan.

The fact that several motor vehicles are covered in one policy, rather than in separate policies, does not preclude stacking, so long as a separate premium was paid for coverage of each vehicle. *Holman v. All Nation Insurance Co.*, 288 N.W.2d 244, 251 (Minn.1980). Accordingly, we hold that Deborah Ryan is entitled to stack basic economic loss coverages for the five vehicles insured under the Progressive policy.

### DECISION

The trial court erred as a matter of law in granting Progressive's motion for summary judgment. We reverse and order that judgment be entered in favor of appellant.

Reversed.