**Deborah RYAN, Appellant,**

v.

**PROGRESSIVE CASUALTY
INSURANCE COMPANY,
Respondent.**

**No. C4–87–462.**

Court of Appeals of Minnesota.

Oct. 27, 1987.

Review Denied Jan. 15, 1988.

Daniel T. Code, St. Paul, for appellant.

Daniel J. Heuel, Muir, Heuel & Carlson, Rochester, for respondent.

Heard, considered and decided by FOLEY, P.J., and PARKER and SEDGWICK, JJ.

## OPINION

SEDGWICK, Judge.

Deborah Ryan (Ryan) appeals from a summary judgment granted to Progressive Casualty Insurance Company (Progressive). Applying the doctrine of collateral estoppel, the trial court determined that a no-compensation verdict in a wrongful death action prevented litigation of the amount of benefits due Ryan under Progressive's policy. We reverse and remand for trial.

## FACTS

On June 29, 1984, while driving his wife's car, Donald Ryan died in an automobile accident. Deborah Ryan, appellant, received survivor's economic loss benefits and reimbursement of funeral expenses from her car's insurer. Ryan also sought personal injury protection (PIP) benefits under an insurance policy issued by Progressive which covered several business vehicles owned by Donald Ryan, d.b.a. Ryan Construction. Progressive denied coverage to Ryan. Ryan commenced this suit in October 1984.

In March 1985, Ryan commenced a separate wrongful death action against the special administrator of the estate of the other driver.

In September 1985, the trial court granted Progressive summary judgment declaring that Ryan was not an "insured" under the Progressive policy. Ryan appealed, and we reversed. *Ryan v. Progressive Casualty Insurance Co.*, 386 N.W.2d 837 (Minn.Ct.App.1986), *pet. for rev. denied* (Minn. July 31, 1986). The amount of the PIP benefit became the sole issue remaining in this suit against Progressive.

In August 1986, the wrongful death action came to trial. The judgment followed the jury's special verdict awarding Ryan no compensation other than the stipulated funeral and death expenses.

Progressive then amended its answer to include an affirmative defense of collateral estoppel. Progressive moved for summary judgment, arguing that the jury awarded zero compensation to Ryan in the wrongful

death action so the amount of PIP benefits due in this suit is also zero. The trial court applied the doctrine of collateral estoppel to the PIP benefit issue, granted Progressive's motion for summary judgment and dismissed the case.

Ryan appeals dismissal of the case on summary judgment. Ryan argues that the wrongful death judgment does not collaterally estop the litigation of the amount of PIP benefits in this suit against the insurer.

## ISSUE

Did the trial court err in granting summary judgment to Progressive based on Progressive's defense of collateral estoppel?

## ANALYSIS

On review of a summary judgment, this court must decide two issues:

(1) whether there are any genuine issues of material fact, and

(2) whether the trial court erred in applying the law. *Betlach v. Wayzata Condominium*, 281 N.W.2d 328, 330 (Minn.1979); *see* Minn.R.Civ.P. 56.03.

The sole issue in this case is the amount of the PIP benefit owed Ryan under Progressive's policy. If the doctrine of collateral estoppel precludes Ryan from litigating this issue, then there are no genuine issues of material fact and summary judgment was properly granted.

■ The classic doctrine of collateral estoppel states that a "right, question or fact distinctly put in issue and directly determined by a court of competent jurisdiction * * * cannot be disputed in a subsequent suit between the same parties or their privies." *Southern Pacific Railroad Co. v. United States*, 168 U.S. 1, 48–49, 18 S.Ct. 18, 27, 42 L.Ed. 355 (1897). A determination of an issue in a suit is conclusive of that issue in subsequent suits based on a different cause of action involving a party to the prior litigation. *Kaiser v. Northern States Power Co.*, 353 N.W.2d 899 (Minn. 1984).

■ The test for applying the doctrine of collateral estoppel is

(1) the issue [is] identical to one in a prior adjudication;

(2) there was a final judgment on the merits;

(3) the estopped party was a party or in privity with a party to the prior adjudication; and

(4) the estopped party was given a full and fair opportunity to be heard on the adjudicated issue.

*Ellis v. Minneapolis Commission on Civil Rights*, 319 N.W.2d 702, 704 (Minn.1982).

Three of the four elements of collateral estoppel are met here. The jury's special verdict of no compensation for the wrongful death is a final judgment on the merits. As plaintiff, Ryan was a party to the wrongful death action. Ryan is the party that Progressive seeks to estop in this suit. As plaintiff, Ryan was given a full and fair opportunity to be heard on the issue of compensation for wrongful death. Ryan took advantage of this opportunity by presenting expert testimony regarding her economic loss.

The question is whether determining wrongful death compensation is identical to determining PIP benefits. The trial court concluded that the compensation issue was the same in both cases. The PIP endorsement states:

The Company will pay, in accordance with [the] Minnesota no-fault automobile insurance act, personal injury protection benefits for:

(a) medical expense,

(b) work loss,

(c) essential services expenses,

(d) funeral expenses and

(e) survivor's loss

incurred with respect to bodily injury sustained by an eligible injured person and caused by an accident arising out of the maintenance or use of a motor vehicle as a vehicle.

The PIP endorsement definitions of medical expense, work loss, essential services expenses, funeral expenses and survivor's loss follow the definitions for basic econom-

ic loss benefits under Minnesota's no-fault automobile insurance act. Minn.Stat. § 65B.44, subds. 2–7 (1984). In contrast, Minn.Stat. § 573.02, subd. 1 (1984), defines the recovery in a wrongful death action as

the amount the jury deems fair and just in reference to the pecuniary loss resulting from the death, and shall be for the exclusive benefit of the surviving spouse and next of kin, proportionate to the pecuniary loss severally suffered by the death.

The list of factors taken into account by the jury in determining the amount of pecuniary loss included funeral and medical expenses, future earnings, personal living expenses, decedent's lifestyle and occupation, life expectancy and past earnings. *See* 4 Minnesota Practice, CIV. JIG, 180 (3d ed. 1986).

■ A comparison of the PIP benefits and wrongful death compensation shows that more factors determined the wrongful death compensation than would be considered in calculating the PIP benefit. The PIP benefit covers the actual out-of-pocket loss while the wrongful death compensation balances current out-of-pocket losses and future earnings against the savings in future expenses. Here, the net sum of out-of-pocket loss, lost future earnings and savings was zero. There is no explanation as to how the jury arrived at their result. It is possible the jury determined current out-of-pocket expenses were totally eliminated by future savings. Because it is possible the jury based their verdict on factors other than those considered by the PIP endorsement, the issues in the two suits are not identical.

### DECISION

The trial court erred in granting summary judgment to Progressive based on Progressive's defense of collateral estoppel.

Reversed and remanded.