**Leslie FAIN, Trustee for the Next–of–Kin of Chad James Swedberg, deceased, Respondent,**

v.

**Kenneth Eugene ANDERSEN, Appellant.**

**No. A11–1699.**

Court of Appeals of Minnesota.

July 16, 2012.

Charles A. Seuntjens, Pemberton, Sorlie, Rufer & Kershner, P.L.L.P., Detroit Lakes, MN, for respondent.

Kenneth Eugene Andersen, Rush City, MN, pro se appellant.

Considered and decided by STAUBER, Presiding Judge; CLEARY, Judge; and RODENBERG, Judge.

## OPINION

RODENBERG, Judge.

Appellant, who was convicted of murdering the decedent, appeals the district court's grant of partial summary judgment on the issue of his liability in this wrongful-death civil suit alleging battery. Because we conclude that there has been a final judgment on the merits of appellant's liability for decedent's death and that appellant had a full and fair opportunity to litigate the matter, the district court did not err when it applied collateral estoppel and granted respondent's motion for partial summary judgment with respect to appellant's liability for battery.

## FACTS

Decedent Chad James Swedberg was shot and killed on April 13, 2007. After a jury trial, appellant Kenneth Eugene Andersen was found guilty of first-degree premeditated murder in the killing and was sentenced to life in prison in June 2008.

Appellant directly appealed his conviction to the Minnesota Supreme Court. Appellant's arguments to the supreme court included, among other issues, a challenge to the sufficiency of the evidence. *State v. Andersen*, 784 N.W.2d 320, 323 (Minn.2010). The supreme court affirmed appellant's conviction. *See id.* at 336.

On February 22, 2010, the decedent's wife, respondent Leslie Fain, filed a civil wrongful-death action against appellant based on theories of negligence and battery.

In early December 2010, appellant filed a pro se petition for postconviction relief in his criminal case, alleging newly discovered evidence, erroneous evidentiary rulings by the district court, prosecutorial misconduct, secret recording by the state of his attorney-client phone calls in violation of his rights, and ineffective assistance of counsel at trial and on appeal.

After the supreme court had affirmed appellant's criminal conviction, but prior to resolution of his postconviction petition, respondent moved for partial summary judgment in this wrongful death action with respect to the issue of appellant's liability for battery. At the December 17, 2010 summary judgment hearing, respondent argued that all factual issues regarding appellant's liability were finally and conclusively determined by appellant's criminal conviction, which was subsequently affirmed by the supreme court. As a result, respondent argued, partial summary judgment with respect to liability was proper. Appellant, appearing pro se, argued that there had been no final judgment on the merits in the criminal trial because his postconviction petition was still pending.

On January 19, 2011, the postconviction court denied appellant's petition for relief. *Andersen v. State*, No. 03–CR–07–171 (Minn.Dist.Ct. Jan. 19, 2011). Appellant's appeal (No. A11–0541) of the district court decision is still pending before the supreme court.

On March 3, 2011, the district court in this wrongful death action granted respondent's motion for partial summary judgment, applying collateral estoppel. The district court determined that collateral

estoppel principles supported partial summary judgment by stating:

> In sum, the issue of [appellant's] liability on the basis of [respondent's] battery claim for the Decedent's wrongful death is identical to issues that have been litigated in the criminal case regarding the same events; the criminal case resulted in a final determination on the merits; [appellant] was a party to the criminal case regarding the same events; and, [appellant] has had a fair and full opportunity to be heard on the issue of his liability for the Decedent's wrongful death.

Following the grant of partial summary judgment, this wrongful-death matter proceeded to trial on the issue of damages only. On July 25, 2011, the district court entered its findings of fact, conclusions of law, and verdict of the court, awarding respondent compensatory damages in the amount of $1,331,009.44, and punitive damages in the amount of $2,662,018.88.

This appeal follows.

## ISSUES

I. Did the district court err when it applied collateral estoppel, thereby precluding appellant from contesting his liability for battery?

II. Did the district court abuse its discretion by granting partial summary judgment on liability?

## ANALYSIS

### I.

■ Whether collateral estoppel is available presents a mixed question of law and fact subject to de novo review. *Care Inst., Inc.-Roseville v. Cnty. of Ramsey,* 612 N.W.2d 443, 446 (Minn.2000).

■ "Collateral estoppel precludes the relitigation of issues which are both identical to those issues already litigated by the parties in a prior action and neces-

sary and essential to the resulting judgment." *Ellis v. Minneapolis Comm'n on Civil Rights,* 319 N.W.2d 702, 704 (Minn. 1982). As a "flexible doctrine," the application of collateral estoppel depends upon whether it would "work an injustice on the party against whom estoppel is urged." *Falgren v. State Bd. of Teaching,* 545 N.W.2d 901, 905 (Minn.1996) (quotation omitted). Collateral estoppel can attach to issues determined by criminal conviction. *In re Welfare of M.D.O.,* 462 N.W.2d 370, 375 (Minn.1990).

"Once the reviewing court determines that collateral estoppel is available, the decision to apply collateral estoppel is left to the [district] court's discretion. The [district] court's decision will be reversed only upon a determination that the court abused its discretion." *Green v. City of Coon Rapids,* 485 N.W.2d 712, 718 (Minn. App.1992), *review denied* (Minn. June 30, 1992).

■ Whether a plaintiff in a civil wrongful-death action may use a defendant's first-degree murder conviction to collaterally estop that defendant from relitigating issues of liability for battery is a question of first impression in Minnesota. Yet, the Minnesota Supreme Court has made it clear that "[o]nce it is decided that the effect of [a] conviction in a subsequent civil case is conclusive, principles of public policy and the interests of litigants require that parties who had a full opportunity to litigate the issues should not be again permitted to reopen and review over and over again" such facts and issues in that subsequent civil litigation. *Travelers Ins. Co. v. Thompson,* 281 Minn. 547, 558, 163 N.W.2d 289, 296 (1968).

In *Thompson,* an insurance company brought a civil action to preclude the defendant from collecting the proceeds of a life-insurance policy insuring his wife. *Id.* at 548, 163 N.W.2d at 290. State statute

prevented one who had "feloniously" taken the life or caused the death of another from profiting from such wrongful act. *Id.* at 550, 163 N.W.2d at 291. Although Thompson was convicted of murdering his wife, he argued that estoppel principles could not apply so as to bar his claim as a beneficiary of the insurance policy because the insurance company was not a party to the criminal action. Citing authority from Virginia, New York, Alabama, Missouri, Pennsylvania, California, North Carolina, and the United States Courts of Appeals for the Seventh and Eighth Circuits, each holding that a defendant's criminal conviction can be used to estop him from attempting to profit from his crime in a subsequent civil proceeding, the supreme court held that Thompson's criminal conviction was conclusive under the doctrine of collateral estoppel as to his rights to the insurance proceeds. *Id.* at 555, 163 N.W.2d at 294.

In *Ill. Farmers Ins. Co. v. Reed*, parents of an injured child sued their son's daycare provider, who had been convicted of assault and malicious punishment of a child based on an incident in which the son suffered a severe brain injury. 662 N.W.2d 529, 530 (Minn.2003). Citing *Thompson*, the daycare provider's insurer argued that the homeowner's policy did not cover intentional acts and that therefore the daycare provider's conviction should collaterally estop any argument by the injured child's parents that the insurer had a duty to indemnify for the assault. *Id.* at 530–31. The supreme court disagreed and held that the insurer could not use the daycare provider's criminal conviction to collaterally estop the parents from claiming coverage under the daycare provider's homeowner's insurance policy. *Id.* at 534. The court reasoned that the parents of the injured child were not parties in the criminal proceeding and therefore had not been given a full and fair opportunity to be heard in the criminal case on the issues relevant to the insurance policy's intentional-acts exclusion. *Id.*

In reaching its holding in *Reed*, the supreme court discussed approvingly this court's analysis of a certified question regarding whether a criminal conviction can be used for collateral estoppel purposes in a later civil case. *Id.* at 533. We concluded that the collateral estoppel effect of a conviction is not limited to situations in which a criminal defendant seeks to profit from the crime; instead, the collateral estoppel effect of a criminal judgment should be determined in the same manner and under the same criteria as any other judgment. *Ill. Farmers Ins. Co. v. Reed*, 647 N.W.2d 553, 564 (Minn.App.2002), *rev'd on other grounds*, 662 N.W.2d 529 (Minn. 2003). In so concluding, we relied on the Restatement (Second) of Judgments, which provides:

> At an earlier period in the development of res judicata doctrine, the "mutuality" requirement was an obstacle to applying issue preclusion in favor of such a third party. That is, since the third party would not have been bound in his civil action if the prosecution had resulted in an acquittal, under the mutuality rule it would follow that the third party could not take advantage of the issue determined in a conviction. However, long before the mutuality rule was repudiated in civil cases, well-reasoned decisions had extended the rule of preclusion to operate in favor of third persons where the first action is criminal and the second is civil.

*Id.* at 565 (quoting Restatement (Second) of Judgments § 85 cmt. e (1982)). The Restatement further provides:

> [W]here the person harmed by the conduct that was criminally prosecuted then brings an action for civil redress against the wrongdoer for the conse-

quences of the conduct ... it is now settled that preclusion should apply.

Restatement (Second) of Judgments § 85 cmt. e. In *Reed*, the supreme court observed that section 85, comment e, did not address the fact situation presented there, as the parties sought to be estopped were the crime victims in pursuit of insurance coverage against the "wrongdoer's insurance company." 662 N.W.2d at 533.

In the present case, the estopped party is the same person who was convicted in the criminal trial. Additionally, the insurance-coverage issues present in *Reed* are not present here. Collateral estoppel is available in this case. A criminal conviction can be used in a subsequent civil action to preclude argument by the convicted party on issues conclusively proved in the criminal trial. *See Thompson*, 281 Minn. at 558, 163 N.W.2d at 296.

Minnesota courts have properly applied collateral estoppel as a bar to retrying an issue in a subsequent action when: "(1) the issue was identical to one in a prior adjudication; (2) there was a final judgment on the merits; (3) the estopped party was a party ... to the prior adjudication; and (4) the estopped party was given a full and fair opportunity to be heard on the adjudicated issue." *Schlichte v. Kielan*, 599 N.W.2d 185, 187–88 (Minn.App.1999) (citation omitted), *review denied* (Minn. Nov. 17, 1999).

### A. Is the issue identical to one in a prior adjudication?

■ Respondent's civil wrongful-death action arises out of the same facts and circumstances as the criminal case against appellant. The district court compared the elements of first-degree murder (causing the death of another with premeditation and with the intent to kill) to those of battery (intentionally and directly or indirectly causing a harmful or offensive contact with another).[1] After stating that "[c]learly, the Decedent's death qualifies as a harmful contact," the district court concluded that "the necessary elements of [respondent's] battery claim are identical to issues that were previously determined in a prior adjudication." We agree.

### B. Was there a final judgment on the merits?

■ A judgment is final, for purposes of res judicata, when entered, notwithstanding a pending appeal. *Brown–Wilbert, Inc. v. Copeland Buhl & Co.*, 732 N.W.2d 209, 220 (Minn.2007).

Appellant argues that there has not been a final judgment on the merits of the murder charges against him because he has appealed the denial of his petition for postconviction relief. The district court disagreed, and found that there had been a final judgment on the merits sufficient for purposes of applying collateral estoppel in the wrongful-death action because:

> the jury that convicted [appellant] of the murder of the Decedent considered the merits of [appellant's] arguments on the issue of his liability for the wrongful death of the Decedent and the district court entered a final judgment accordingly. Further, the Minnesota Supreme Court reviewed that jury verdict and upheld it.

The district court noted further that "[t]he scope of a petition for post-conviction relief

---

1. Respondent's wrongful-death action also stated a claim for negligence. Appellant correctly argued before the district court that he could not be estopped from denying and litigating his liability for negligently harming the decedent because negligence was not at issue during the criminal trial. The district court agreed but did not dismiss or otherwise adjudicate the negligence claim. The adjudication, however, was not necessary because respondent's recovery was complete under the claim for battery.

does not allow a defendant to raise issues that said defendant has previously brought on appeal."

We agree that the judgment of conviction here is final notwithstanding the pendency of appellant's appeal of the denial of his petition for postconviction relief. On appellant's direct appeal of his conviction, the supreme court analyzed the sufficiency of the evidence against him and affirmed his conviction of first-degree premeditated murder. *Andersen,* 784 N.W.2d at 329–33, 336. Because appellant had already challenged sufficiency of the evidence on direct appeal, he cannot relitigate the issue to the postconviction court. *See State v. Knaffla,* 309 Minn. 246, 252, 243 N.W.2d 737, 741 (1976) (holding that "where direct appeal has once been taken, all matters raised therein, and all claims known but not raised, will not be considered upon a subsequent petition for postconviction relief").

### C. Was the estopped party a party to the prior adjudication?

Appellant, the party against whom collateral estoppel is sought to be applied, was obviously a party to the criminal case in which the issue of his liability for the wrongful death of decedent was determined, and to the direct appeal to the supreme court where his conviction was affirmed.

### D. Was the estopped party given a full and fair opportunity to be heard?

The district court determined that appellant "had an opportunity to be heard on the issue of his liability for the Decedent's wrongful death before both the district court and the Minnesota Supreme Court." Appellant argues that he did not get a full and fair opportunity to be heard for numerous reasons, including newly discovered evidence and prosecutorial misconduct. The district court noted that these issues were either argued by appellant on direct

appeal or in appellant's petition for postconviction relief and were found unpersuasive in both cases.

■ "[W]hether a party had a full and fair opportunity to litigate a matter generally focuses on whether there were significant procedural limitations in the prior proceeding, whether the party had the incentive to litigate fully the issue, or whether effective litigation was limited by the nature or relationship of the parties." *State v. Joseph,* 636 N.W.2d 322, 328 (Minn.2001) (quotation omitted). The record shows that appellant had every opportunity and incentive to fully litigate the issue of his guilt, and did so. Appellant was represented by counsel at both the district court and on direct appeal.

The record supports the district court's conclusion that the elements of collateral estoppel are fulfilled here. Therefore, the district court did not abuse its discretion in applying the doctrine on the issue of appellant's liability for battery.

### II.

■ Summary judgment is appropriate only when no genuine issues of material fact exist, and either party is entitled to judgment as a matter of law. Minn. R. Civ. P. 56.03. Rule 56.03 permits summary judgment for a part of a single claim, divisible into liability and damages. *See Crum v. Anchor Cas. Co.,* 264 Minn. 378, 392, 119 N.W.2d 703, 712 (1963). The purpose of summary judgment is to determine whether issues of fact exist, not to resolve issues of fact. *Albright v. Henry,* 285 Minn. 452, 464, 174 N.W.2d 106, 113 (1970).

■ Where the doctrine of collateral estoppel precludes relitigation of an issue, summary judgment on that issue is proper. *Ryan v. Progressive Cas. Ins. Co.,* 414 N.W.2d 470, 472 (Minn.App.1987), *review*

*denied* (Minn. Jan. 15, 1988). Because it was not error for the district court to apply collateral estoppel principles to the issue of appellant's liability for the battery claim, partial summary judgment was properly granted.

## DECISION

The district court did not err when it concluded that collateral estoppel was available for application in this wrongful-death action to preclude argument on the issue of appellant's liability for battery, did not abuse its discretion by concluding that the elements of collateral estoppel were met, and did not abuse its discretion in granting respondent's motion for partial summary judgment. Appellant had a full and fair opportunity to litigate his liability for decedent's death at the murder trial. He cannot do so again in this civil matter.

**Affirmed.**