*This opinion will be unpublished and may not be cited except as provided by Minn. Stat. § 480A.08, subd. 3 (2014).*

**STATE OF MINNESOTA
IN COURT OF APPEALS
A14-1332**

Timothy Edward Knoedler,
Appellant,

Candace Lynn Knoedler,
Appellant,

vs.

Wilford, Geske & Cook, P. A.,
Respondent.

**Filed April 6, 2015
Affirmed
Rodenberg, Judge**

St. Louis County District Court
File Nos. 69DU-CV-14-432, 69-DU-CV-13-2359

Timothy E. Knoedler, Saginaw, Minnesota (pro se appellant)

Candace L. Knoedler, Saginaw, Minnesota (pro se appellant)

David Mortensen, Wilford, Geske & Cook, P.A., Woodbury, Minnesota (for respondent)

Considered and decided by Chutich, Presiding Judge; Rodenberg, Judge; and Smith, Judge.

**U N P U B L I S H E D   O P I N I O N**

**RODENBERG**, Judge

Appellants challenge the district court's grant of respondent's motion to dismiss. We affirm.

**FACTS**

In 2013, appellants Timothy and Candace Knoedler brought suit in Minnesota state court against respondent Wilford Geske & Cook, P.A., and Ocwen Loan Servicing, LLC, U.S. Bank National Association, and Credit Based Asset Servicing and Securitization, LLC, alleging that the procedures used in foreclosing appellants' mortgage were improper. The case was removed to federal court. *See Knoedler v. Wilford, Geske & Cook, P.A. et. al.*, No. 13-2782, 2014 WL 28795 (D. Minn. Jan. 2, 2014). Although respondent is a Minnesota company, the federal court held that respondent's party status did not deprive the federal court of diversity jurisdiction because respondent had been fraudulently joined. *Id.* at *2. The federal court dismissed appellants' claims against all defendants with prejudice. *Id.* at *3. Appellants appealed to the Eighth Circuit Court of Appeals, but have since voluntarily dismissed their appeal.

Appellants then sued respondent in Minnesota state court, again alleging that its foreclosure procedures were improper and specifically alleging that respondent was negligent in representing the mortgagees. The district court dismissed appellants' claims on three bases. First, the district court held that it did not have jurisdiction to hear appellants' case because there was an appeal pending in federal court.[1] Second, the district court held that, even if the appeal in the federal court system did not deprive the state court of jurisdiction, appellants' claims were barred by res judicata and collateral

---

[1] While the record before us admits of no conclusion concerning the federal appeal, the parties to this appeal have both represented that there is no pending federal appeal and we therefore proceed with that understanding. We also observe that whether the federal appeal has been dismissed is not dispositive.

estoppel. Third, the district court held that, even if it had jurisdiction and appellants' claims were not barred, appellants' complaint failed to state a claim against respondent upon which relief may be granted. This appeal followed.

## D E C I S I O N

Fundamental to the doctrines of res judicata and collateral estoppel is the notion that a "right, question or fact distinctly put in issue and directly determined by a court of competent jurisdiction cannot be disputed in a subsequent suit between the same parties." *Hauschildt v. Beckingham*, 686 N.W.2d 829, 837 (Minn. 2004) (quotation omitted). While related, res judicata and collateral estoppel serve different purposes. *Id.* Res judicata is broader and applies "to a set of circumstances giving rise to entire claims or lawsuits" and prevents litigation of claims arising from those circumstances, even if the later claims are brought under new legal theories. *Id.* Collateral estoppel applies to specific legal issues. *Id.* A reviewing court must decide whether application of either doctrine "would work an injustice on the party against whom the doctrines are urged." *Id.* Whether collateral estoppel applies is "a mixed question of law and fact," which we review de novo. *Id.* Whether res judicata applies is a question of law, which we also review de novo. *Id.* at 840.

Res judicata is available when "(1) the earlier claim involved the same set of factual circumstances; (2) the earlier claim involved the same parties . . . ; (3) there was a final judgment on the merits; [and] (4) the estopped party had a full and fair opportunity to litigate the matter." *Id.* A good indicator that the new claims arise from the same set of operative facts as an earlier claim is that the new claim will rely largely on the same

3

evidence as the previous claim. *Id.* at 840-41. The elements of collateral estoppel are similar to those of res judicata except that the first element of collateral estoppel requires that the specific issue in the earlier case be identical to the specific issue in the current case. *Id.* at 837. When either res judicata or collateral estoppel is available, the decision to apply either doctrine for preclusive effect is left to the district court's discretion, and we review only for abuse of that discretion. *Fain v. Andersen*, 816 N.W.2d 696, 699 (Minn. App. 2012).

Appellants' claim that respondent was negligent in the foreclosure-by-advertisement procedure arises from the same set of facts underlying appellants' earlier claims, which were dismissed by the federal district court. And appellants' state-court negligence claim will rely on the same evidence underlying their federal claims. Therefore, the first element of res judicata is met.

Appellants argue that the earlier claim did not involve the same parties because it was "legally impossible for [respondent] to have been party to the federal case" as respondent's Minnesota residency deprived the federal court of diversity jurisdiction. But appellants are mistaken. The federal court took jurisdiction over respondents through the doctrine of fraudulent joinder. *See Wiles v. Capitol Indem. Corp.*, 280 F.3d 868, 871 (8th Cir. 2002) (stating that federal courts may take jurisdiction over resident parties without destroying diversity jurisdiction when "there exists no reasonable basis in fact and law supporting a claim against the resident defendants"). The federal court then

dismissed the claims against respondent on the merits after asserting jurisdiction.[2] Appellants concede not pursuing the federal appeal and the federal district court action is final. Respondent was a party to the previous action. Therefore, this case and the earlier case involve the same parties.

Finally, appellants argued to the district court that they did not have a full and fair opportunity to litigate the matter because the judge in the dismissed federal case did not hear oral arguments on every aspect of appellants' claims. Appellants do not appear to make this argument on appeal. Even if they did, whether the proceedings in the federal court were improper or inadequate would have been an issue in the federal appeal. Appellants cite no authority for the notion that we or a state district court could properly decide the adequacy of a federal district court's consideration of this or any matter. We also observe that appellants and respondent argued extensively before the federal district court and appellants apparently perfected and later abandoned a federal appeal. Appellants had a full and fair opportunity to litigate the issues in the earlier case.

---

[2] Whether the federal court's application of fraudulent joinder to this case was proper is outside the scope of our subject matter jurisdiction. *See Chesapeake & Ohio Ry. Co. v. McCabe*, 213 U.S. 207, 217, 221, 29 S. Ct. 430, 434, 436 (1909) (holding that after a federal court has decided that a case is removable, taken jurisdiction of the case, and rendered a final judgment, the judgment is binding unless reversed by the United States Supreme Court and the state court lacks subject matter jurisdiction to review the judgment, including the decision that removal was proper).

All of the elements of res judicata are clearly met here. The district court did not err in concluding that the dismissal of appellants' claims by the federal district court may operate as a ban to the present claims.[3]

Further, the district court's application of res judicata did not work an injustice on appellants. As the district court held, aside from claim-preclusion considerations, appellants failed to state a claim against respondent. *See McDonald v. Stewart*, 289 Minn. 35, 40, 182 N.W.2d 437, 440 (1970) (stating that "an attorney acting within the scope of his employment as attorney is immune from liability to third persons for actions arising out of that professional relationship," but this immunity may be defeated by a fraudulent or unlawful act). As the district court succinctly stated: Appellants "simply have no case against the law firm." Appellants claim respondent was negligent. Even if true, that would not give rise to a claim by a nonparty to the attorney-client relationship. *See id.* The federal district court dismissed appellants' complaint for failure to state a claim and the district court correctly determined that, even if appellants' state-court action were not barred by res judicata, their complaint also fails to state a claim against respondent. Application of res judicata in this circumstance was within the district court's discretion.

In short, the district court's analysis was exactly correct.

**Affirmed.**

---

[3] The district court also concluded that collateral estoppel applies so as to bar relitigation of the same issues involved in the earlier federal litigation. Because we conclude that the district court properly applied res judicata (claim preclusion), we do not separately analyze whether collateral estoppel (issue preclusion) also applies. *See generally Hauschildt*, 686 N.W.2d at 837.