*This opinion will be unpublished and may not be cited except as provided by Minn. Stat. § 480A.08, subd. 3 (2014).*

**STATE OF MINNESOTA
IN COURT OF APPEALS
A15-0110**

In re the Matter of the Petition of Wells Fargo Bank,
National Association, as Trustee

**Filed September 8, 2015
Affirmed
Hooten, Judge**

Hennepin County District Court
File No. 27-ET-CV-13-1260

Jeffrey Robert Busch (pro se appellant)

Jared D. Kemper, Dykema Gossett PLLC, Minneapolis, Minnesota (for respondent Wells Fargo Bank)

Considered and decided by Halbrooks, Presiding Judge; Worke, Judge; and Hooten, Judge.

## UNPUBLISHED OPINION

**HOOTEN**, Judge

In this proceeding subsequent to foreclosure for a new certificate of title to real estate, appellant challenges the district court's grant of summary judgment to respondent bank. We affirm.

## FACTS

On January 22, 1992, the Hennepin County Registrar of Titles issued a certificate of title to appellant Jeffrey Robert Busch and his wife as joint tenants of the Torrens

property[1] at issue in this case. On February 27, 2004, Busch and his wife gave Bank of America, N.A., a mortgage against the property to secure a loan in the amount of $364,000. On November 22, 2005, Busch's wife died, and her interest in the property passed to Busch. On June 2, 2010, Bank of America assigned the mortgage to Wells Fargo Bank, N.A., as Trustee for the Certificateholders of Banc of America Mortgage Securities, Inc. Mortgage Pass-Through Certificates, Series 2004-B.

Busch defaulted on the mortgage, and on June 22, 2010, Wells Fargo initiated a foreclosure by advertisement. The Hennepin County Sheriff sold the property to Wells Fargo on October 4, 2011. Busch did not redeem the property. The mortgage, assignment of mortgage, and sheriff's certificate are memorialized on the certificate of title in the Office of the Hennepin County Registrar of Titles.

Busch was one of several plaintiffs who filed a lawsuit against Wells Fargo and other banks in Minnesota state court on July 15, 2011, that was removed to federal court on diversity grounds. *Iverson v. Wells Fargo Bank, N.A.*, Civil No. 11-2225 (MJD/AJB), 2012 WL 611196, at *3 (D. Minn. Feb. 6, 2012), *adopted by* 2012 WL 611371 (D. Minn. Feb. 24, 2012), *aff'd* 502 Fed. App'x. 624 (8th Cir. 2013) (unpublished per curiam). Each plaintiff had a mortgage that was in default and was subject to foreclosure by advertisement. *Id.* at *1. The plaintiffs challenged the defendant banks' right to foreclose on the mortgages, asserting quiet title and other claims. *Id.* The federal district

---

[1] "Torrens refers to a real estate titling system under which ownership is initially established by registering for a certificate of title through court proceedings," in contrast to the abstract system. *United Fire & Cas. Co. v. Fid. Title Ins. Co.*, 258 F.3d 714, 716 n.2 (8th Cir. 2001).

court dismissed the complaint under Fed. R. Civ. P 12(b)(6) because most of the counts were based on the "soundly and repeatedly" rejected legal theory "that a mortgagee cannot undertake foreclosure without possession of the original note." *Id.* at *3, *5. As to the quiet title claim, the district court also concluded that plaintiffs' assertions were "wholly unsupported by facts." *Id.* at *5.

On September 17, 2013, Wells Fargo petitioned the district court for an order directing the registrar of titles to cancel Busch's certificate of title and to issue a new certificate of title to Wells Fargo. Wells Fargo moved for summary judgment on res judicata grounds. In his memorandum in opposition to summary judgment, Busch argued that the June 2, 2010 assignment of mortgage was void, Wells Fargo lacked legal capacity to foreclose, Wells Fargo had not proven its res judicata claim, and he was entitled to summary judgment under Minn. R. Civ. P. 56.02. The district court granted Wells Fargo's motion for summary judgment, and this appeal followed.

**D E C I S I O N**

**I.**

Busch argues that Wells Fargo lacked legal capacity to assert a claim of title to the property. He also argues that the district court abused its discretion by not taking judicial notice of certain aspects of New York securities law and certain facts allegedly showing that Wells Fargo did not have the right to foreclose. This court recently rejected the same arguments in a published opinion. *Fed. Home Loan Mortg. Corp. v. Mitchell*, ___ N.W.2d ___, ___, 2015 WL 1401595, at *3 (Minn. App. Mar. 30, 2015), *review denied* (Minn. June 30, 2015).

3

## II.

Busch next argues that the district court erred by granting summary judgment to Wells Fargo on res judicata grounds.[2] On appeal from summary judgment, this court reviews whether there are any genuine issues of material fact and whether the district court erred in its application of the law. *STAR Ctrs., Inc. v. Faegre & Benson, L.L.P.*, 644 N.W.2d 72, 76 (Minn. 2002). "Once the moving party has made a prima facie case that entitles it to summary judgment, the burden shifts to the nonmoving party to produce specific facts that raise a genuine issue for trial." *Bebo v. Delander*, 632 N.W.2d 732, 737 (Minn. App. 2001), *review denied* (Minn. Oct. 16, 2001). We view the evidence in the light most favorable to the party against whom summary judgment was granted and review de novo whether a genuine issue of material fact exists. *STAR Ctrs.*, 644 N.W.2d at 76–77.

The applicability of res judicata is a question of law that we review de novo. *State v. Joseph*, 636 N.W.2d 322, 326 (Minn. 2001).

> Res judicata applies as an absolute bar to a subsequent claim when: (1) the earlier claim involved the same set of factual circumstances; (2) the earlier claim involved the same parties or their privies; (3) there was a final judgment on the merits; and (4) the estopped party had a full and fair opportunity to litigate the matter.

---

[2] Busch does not appeal the district court's grant of summary judgment on the basis of the "related" but "distinct" doctrine of collateral estoppel. *Hauschildt v. Beckingham*, 686 N.W.2d 829, 837 (Minn. 2004).

*Rucker v. Schmidt*, 794 N.W.2d 114, 117 (Minn. 2011) (footnote omitted). "Res judicata applies to all claims actually litigated as well as to all claims that could have been litigated in the earlier proceeding." *Joseph*, 636 N.W.2d at 327.

Busch does not challenge the district court's conclusion that Wells Fargo satisfied the first three res judicata requirements. Instead, his argument is twofold: first, he claims that Wells Fargo is not entitled to assert res judicata because res judicata is an equitable doctrine and Wells Fargo has unclean hands; and second, he claims that he did not have a full and fair opportunity to litigate the matter in federal court. Busch did not raise his unclean hands argument below, and therefore it is not properly before this court. *Thiele v. Stich*, 425 N.W.2d 580, 582 (Minn. 1988).

"[W]hether a party had a full and fair opportunity to litigate a matter generally focuses on whether there were significant procedural limitations in the prior proceeding, whether the party had the incentive to litigate fully the issue, or whether effective litigation was limited by the nature or relationship of the parties." *Joseph*, 636 N.W.2d at 328 (quotation omitted). The district court concluded that Busch fully litigated in federal court the issue of whether Wells Fargo had the right to foreclose on the mortgage, and it also concluded that there were no limitations in the prior proceeding that affected Busch's rights.

Busch claims that he did not have a full and fair opportunity to litigate the matter because the federal pleading standard is more stringent than Minnesota's pleading standard. He correctly notes that our supreme court has expressly declined to adopt "the plausibility standard from *Twombly* and *Iqbal*." *Walsh v. U.S. Bank, N.A.*, 851 N.W.2d

5

598, 603 (Minn. 2014); *see Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570, 127 S. Ct. 1955, 1974 (2007) (requiring federal plaintiffs to plead "enough facts to state a claim to relief that is plausible on its face"). Under Minnesota pleading rules, a "claim is sufficient against a motion to dismiss for failure to state a claim if it is possible on any evidence which might be produced, consistent with the pleader's theory, to grant the relief demanded." *Walsh*, 851 N.W.2d at 603. But, the federal plausibility standard was not determinative in the federal court's dismissal of Busch's quiet title claim. The federal court found that Busch's quiet title claim was based on "the debunked 'show me the note' legal theory," i.e., "the assertion that a mortgagee cannot undertake foreclosure [by advertisement] without possession of the original note," and therefore rejected this claim "as a matter of law." *See Iverson*, 2012 WL 611196, at *3, *5. In *Jackson v. Mortg. Elec. Registration Sys., Inc.*, the Minnesota Supreme Court rejected the "show me the note" argument, *see* 770 N.W.2d 487, 501 (Minn. 2009), and therefore Busch's quiet title claim would have been rejected under Minnesota's pleading standard as well.

Busch also argues that the federal court did not and could not have determined whether Wells Fargo had valid title to the property because federal courts have no jurisdiction over Torrens property. Res judicata applies only if a claim has been decided "by a court of competent jurisdiction." *Kaiser v. N. States Power Co.*, 353 N.W.2d 899, 902 (Minn. 1984). Busch relies on Minn. Stat. § 508.10 (2014), which reads:

> An application for registration shall be addressed to the district court in and for the county wherein the land described therein is situated. The district court shall have original exclusive jurisdiction thereof, and of all proceedings thereunder, and full power to inquire into the title of the land,

6

> and any right, title, interest, or estate therein, and any lien, charge, or encumbrance thereon.

Busch is incorrect that the state district court is vested with continuing, exclusive jurisdiction over all actions involving Torrens property in Minnesota. On its face, the statute applies only to "an application for registration" and "[a]ll proceedings thereunder." Because the property in this case was registered in 1979, and this action is not a title registration application or proceeding thereunder, section 508.10 is inapplicable.

We conclude that the district court did not err by granting summary judgment to Wells Fargo on the basis of res judicata.

**Affirmed.**