# United States Court of Appeals

## For the Eighth Circuit

———————————————

No. 15-1635

———————————————

Troy K. Scheffler

*Plaintiff - Appellant*

v.

Minnesota Department of Human Services; Anoka County

*Defendants - Appellees*

————————

Appeal from United States District Court
for the District of Minnesota - Minneapolis

————————

Submitted: October 21, 2015
Filed: November 18, 2015

————————

Before LOKEN, MURPHY, and COLLOTON, Circuit Judges.

————————

MURPHY, Circuit Judge.

Troy Scheffler had been insured through MinnesotaCare at the time he was automatically enrolled in premium free Medicare. His MinnesotaCare coverage was subsequently terminated pursuant to Minn. Stat. § 256L.07 by Anoka County, acting on behalf of the Minnesota Department of Human Services (MDHS). Scheffler contested the termination, but the MDHS Commissioner subsequently adopted the recommendation of the human services judge that the termination was proper.

Scheffler appealed the Commissioner's decision to the state district court, claiming that Minn. Stat. § 256L.07 violates the Americans with Disability Act (ADA), the Rehabilitation Act (RA), as well as the Minnesota Human Rights Act (MHRA). While his state court action was pending, Scheffler filed his complaint in federal court alleging the same discrimination claims and also an equal protection violation. After the state district court dismissed his state case, the federal district court[1] dismissed his federal claims. Scheffler now appeals the dismissal of his federal claims.

Scheffler is a disabled adult who received state subsidized insurance through MinnesotaCare. After he began receiving Social Security Disability Insurance payments, he was automatically enrolled in premium free Medicare Part A. Anoka County, acting on behalf of MDHS, then terminated his MinnesotaCare benefits pursuant to Minn. Stat. § 256L.07. Scheffler alleges that his Medicare coverage provides fewer benefits than MinnesotaCare. He therefore contested the termination of his MinnesotaCare coverage before a human services judge who recommended that the MDHS Commissioner affirm the termination of Scheffler's MinnesotaCare coverage under Minn. Stat. § 256L.07. Scheffler petitioned the MDHS Commissioner to review this decision, arguing that Minn. Stat. § 256L.07 violates the RA and the ADA. The Commissioner adopted the human services judge's recommendation and explained that such judges do not have authority to rule on discrimination claims.

Scheffler appealed MDHS's decision to the state district court where he named MDHS and Anoka County as defendants. Scheffler argued that Minn. Stat. § 256L.07 is incompatible with the ADA, RA, and MHRA. The parties filed cross motions for summary judgment, and on October 3, 2014 the state court concluded that Scheffler had not stated a claim under the antidiscrimination laws. The Minnesota

---

[1]The Honorable Joan N. Ericksen , United States District Judge for the District of Minnesota.

Court of Appeals affirmed this decision, and the Minnesota Supreme Court subsequently denied Scheffler's petition for review. See Scheffler v. Minn. Dep't of Human Servs., No. A14-1939, 2015 WL 4508109 (Minn. Ct. App. Jul. 27, 2015).

After the state district court took the parties' cross motions for summary judgment under advisement, Scheffler filed the instant federal action against MDHS and Anoka County. He reasserted his discrimination claims and additionally alleged that Minn. Stat. § 256L.07 violates the Equal Protection Clause of the Fourteenth Amendment. The district court granted the defendants' motion to dismiss on March 6, 2015, concluding that Scheffler was collaterally estopped from bringing his ADA and RA claims and that he failed to state an equal protection claim. It also declined to extend supplemental jurisdiction over his MHRA claim. Scheffler appeals.

The question here is whether claim preclusion bars Scheffler's federal court action. This analysis is governed by Minnesota law since the state district court was the first to dismiss his claims. See St. Paul Fire & Marine Ins. Co. v. Compaq Comput. Corp., 539 F.3d 809, 821 (8th Cir. 2008). Minnesota courts review the application of claim preclusion de novo. Id. Claim preclusion applies when "(1) the earlier claim involved the same set of factual circumstances; (2) the earlier claim involved the same parties or their privies; (3) there was a final judgment on the merits; (4) the estopped party had a full and fair opportunity to litigate the matter." Id. (quoting Hauschildt v. Beckingham, 686 N.W.2d 829, 840 (Minn. 2004)). This doctrine bars "all claims that could have been litigated in the earlier action in addition to those claims that actually were litigated." Id.

Claims arise from the same set of factual circumstances when the same evidence underlies both actions. See Hauschildt, 686 N.W.2d at 840–41. Scheffler's RA, ADA, and MHRA federal court claims are identical to his state court claims and arise from the same set of factual circumstances. Since Scheffler's equal protection claim is merely an alternate challenge to the termination of his MinnesotaCare

-3-

coverage, it also arises from the same facts as his state court action. In addition, both actions involved the same parties—Scheffler, MDHS, and Anoka County. The state district court order was also a final decision on the merits. See Brown-Wilbert, Inc. v. Copeland Buhl & Co., P.L.L.P., 732 N.W.2d 209, 221 (Minn. 2007).

Scheffler argues, however, that the state court judge merely affirmed the MDHS decision and therefore did not provide him with a full and fair opportunity to litigate. This issue focuses "on whether there were significant procedural limitations in the prior proceeding, whether the party had the incentive to litigate the issue fully, or whether effective litigation was limited by the nature or relationship of the parties." State v. Joseph, 636 N.W.2d 322, 328 (Minn. 2001) (internal quotation marks omitted). Here, the state district court had jurisdiction to reverse or modify the MDHS decision if substantial rights of the parties were prejudiced by a violation of the constitution or an error of law. Minn. Stat. § 14.69. The state court also had the power to review the evidence presented to MDHS as well as additional evidence necessary "for a more equitable disposition of the appeal." Minn. Stat. § 256.045, subd. 8.

The parties filed cross motions for summary judgment and were afforded an adversarial hearing before the state district court judge considered and dismissed Scheffler's discrimination claims. Scheffler thus had a full and fair opportunity to litigate his discrimination and constitutional claims in state court. We therefore affirm the federal district court judgment because claim preclusion bars Scheffler from asserting his discrimination and equal protection claims in federal court.[2]

_____

_____

[2]Scheffler's motion to supplement the record is denied as moot.